John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Rothgerber Johnson & Lyons LLP
123 W. 1st Street, Suite 200
Casper, WY  82601
307-232-0222
307-232-0077 fax
jmasterson@rothgerber.com
astedillie@rothgerber.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 CV 118-S |
| ) | |
| THE INTERNATIONAL GROUP FOR ) | |
| HISTORIC AIRCRAFT RECOVERY, a ) | |
| Delaware non-profit corporation and ) | |
| RICHARD E. GILLESPIE, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO DEFENDANTS'** *MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE*

**COME NOW** the Defendants, The International Group for Historic Aircraft Recovery (individually "TIGHAR") and Richard E. Gillespie (individually "Gillespie") (collectively "Defendants"), by and through their attorneys, John A. Masterson and Alaina M. Stedillie of Rothgerber Johnson & Lyons LLP, and William J. Carter of Dean & Carter, PLLC, and respectfully submit their *[Proposed] Findings of Fact and Conclusions of Law in Support of Defendants' Motion to Dismiss Complaint With Prejudice Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure*.

**I.     Findings of Fact.**

1.     Plaintiff's Complaint against Defendants consists of factual allegations and four theories of recovery (Count I – Fraud; Count II – Negligent Misrepresentation; Count III – violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq*.) ("RICO"); and Count IV – Negligence). These four counts are all traditional tort theories of recovery.

2.     The central premise in Counts I through III of Plaintiff's Complaint is that Defendants discovered the wreckage of Amelia Earhart's aircraft during a 2010 expedition to the remote Southern Pacific island of Nikumaroro. Plaintiff alleges that Defendants deliberately kept this discovery a secret in order to raise funds for future investigative expeditions to continue looking for the very aircraft Plaintiff alleges Defendants already found. Plaintiff alleges that, as a contributor to and a participant in a 2012 expedition to Nikumaroro, he was deceived into

making a tax deductible contribution to TIGHAR through Defendants' alleged deceit. In the alternative, Plaintiff alleges that Defendants were negligent in failing to discover wreckage of Amelia Earhart's aircraft, and his donation was the product of that negligence.

3. While Counts I through III are based upon the above theory, Count IV is based on allegations about how the 2012 NIKU VII expedition was conducted – allegations wholly separate from the facts underlying Counts I through III.

4. The factual allegations in Plaintiff's Complaint are fundamentally vague. The Complaint fails to articulate any particular act or omission committed by the Defendants, or the circumstances behind them.

5. The fraud and RICO allegations of Plaintiff's Complaint are also insufficient, in that they do not specify the particular acts, dates, times, places, statements, communications, actions or the actors, nor do they articulate the consequences of any such details and actions.

6. The Court finds that the allegations in Plaintiff's Complaint are simply not plausible. In particular, the Court notes the inconsistent allegations (fraud and RICO allegations v. negligence); the counterintuitive proposition that TIGHAR would continue to raise funds for future discovery while the larger rewards would be based on recovery of the aircraft and associated commercial rights; and the implausible scope, depth and range of parties to the conspiracy necessary to sustain Plaintiff's allegations.

7. The substantive counts in the Complaint are unsupported by any well-pled factual allegations, which as a matter of law are not entitled to the assumptions of truth.

8. The RICO allegations made by Plaintiff do not articulate sufficient facts to support an essential component of a proper RICO charge – a pattern of activity. The fact that a future expedition to the island of Nikumaroro may be in the offing does not suffice to show a pattern of racketeering activity.

9. Plaintiff has failed to articulate facts to support the finding of a legally recognized duty running from Defendants as a non-profit expeditionary and research organization, and Plaintiff as a donor to Defendants.

10. As to the negligence allegations, Count IV fails to contain any substantive facts alleging how, who, why and when the 2012 NIKU VII expedition was negligently conducted.

11. As to the negligence allegations, Plaintiff's Complaint fails to articulate any specific acts of negligence allegedly committed by Defendants or the details of any such acts, such as when or where they took place

**II.    Conclusions of Law.**

12. Fed. R. Civ. Pro. 8(a)(2) mandates that a pleading contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." The Rule does not require "detailed factual allegations," however it does require "more than an unadorned, the Defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft, Id.*, citing *Bell Atlantic Corporation, et al. v. Twombly, et al.* 550 U.S. 544, 555 (2007)

13. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 129 S. Ct. at 1949 (*quoting Twombly,* 550 U. S. 544, 570.) Plaintiff has failed to meet this burden.

14. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. *See also Bixler v. Foster,* 596 F. 3d. 751, 756 (10th Cir. 2010). The Court noted that such recitals are, as a matter of law, insufficient to withstand a motion to dismiss under Rule 12(b)(6).

15. A plaintiff is "required to plead sufficient facts to create a reasonable inference of reliance." *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F.Supp.2d 1249, at 1261 (W.D.Okla. 2012), citing *Ashcroft*, 556 U.S. 662, at 678, and *Bryson*, *supra* at 1286.

16. While a court "assumes the factual allegations are true and asks whether it is plausible that the plaintiff is entitled to relief," *Gallagher v. Shelton,* 587 F. 3d. 1063, 1068 (10th Cir. 2009), it is not bound to presume the truthfulness of conclusory allegations. *Ashcroft* at 1951.

17. Fed. R. Civ. P. 12(b)(6) mandates dismissal where there is a "failure to state a claim upon which relief can be granted." A court must dismiss a claim if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

18. Fed. R. Civ. P. 9(b) requires the facts underlying an alleged fraud to be pleaded with specificity. This particularity requirement is a time-honored mandate that has been repeatedly addressed and interpreted by the courts: "The purpose of Rule 9(b) is to inhibit the

filing of complaints as a pretext to discover unknown wrongs, to protect the defendant's reputation, and to give notice to the defendant regarding the complained of conduct." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

19. The pleading must contain the details and circumstances of the fraud and state facts, not just the bare-boned elements of fraud – not only in the allegations themselves, but in the RICO predicate acts. Plaintiff's allegations of mail fraud and wire fraud as predicate acts do not contain the required specificity (time, date, nature of communication, its author, etc.). *Internet Archive v. Shell, et al.*, 505 F.Supp. 2d 755, 768 (DC Colo. 2007); *Cayman Exploration Corporation v. United Gas Pipe Line Company*, 873 F.2d 1357, 1362 (10th Cir. 1989).

20. "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, at 1252 (1997), citing *Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, at 180 (10th Cir. 1991).

21. RICO claims, as well as their required predicate acts, also require particularity. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F. 2d 982 (10th Cir. 1992).

22. As to Count I – fraud, the Court finds that the allegations are too vague to sustain the Complaint in that, for example, they do not identify the time, date, place, means or substance of the conditions of the alleged fraud. The Court further finds the allegations that are made to be conclusory in nature.

23. As to Count II – RICO, the Court finds that, as with the fraud allegations, there is insufficient specificity to allow these allegations to go forward as plead. Further, the Court finds

that the underlying, predicate offenses are not sufficiently plead as they provide no specificity as to the nature and type of mail and wire fraud participated in by Defendants.

24. As to Count III - negligent misrepresentation, Plaintiff's Complaint does not contain sufficient detail regarding the allegations. For example, there is no recitation of what the Defendants did to view and analyze the suspect underwater footage, nor is there an articulation of how or why any such process was negligent.

25. As to Count IV – negligence, the Court finds that there is no articulation of a duty owed Defendants to Plaintiff, nor are the facts sufficient in terms of detail to permit it to proceed. The Court further finds as to County IV – negligence, that the allegations are conclusory.

26. Plaintiff's negligence and negligent misrepresentation allegations are tantamount to a "Defendant-unlawfully-harmed-me accusation" that the Supreme Court has admonished against. *Ashcroft*, 129 S.Ct. 1937, 1949.

27. Plaintiff's Complaint makes conclusory allegations, unsupported by sufficient facts. For example, Plaintiff states that Defendants' misrepresentations "were material and reasonably relied upon, yet fails to set forth any specifics. See Complaint at ¶ 28.

28. The Court finds that Wyoming's Economic Loss Rule is applicable here, and that under this application, the Complaint fails to allege a cause of action.

29. Each and all of the substantive claims fail to properly articulate the factual and legal requirements mandated under the Federal Rules of Civil Procedure and applicable precedent of the Tenth Circuit Court of Appeals and the United States Supreme Court.

30. As the Complaint fails to make sufficient factual allegations to support any of the claimed causes of action. It therefore fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**DATED** this 22nd day of July, 2013.

        THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY and RICHARD E. GILLESPIE

By     /s/
    John A. Masterson  #5-2386
    Alaina M. Stedillie  #6-4327
    Rothgerber Johnson & Lyons LLP
    123 W. 1st Street, Suite 200
    Casper, WY  82601
    307-232-0222
    307-232-0077 fax
    jmasterson@rothgerber.com
    astedillie@rothgerber.com

    William J. Carter ISB#5295 *(Pro Hac Vice)*
    Dean & Carter, PLLC.
    1112 Main Street, #302
    Boise, Idaho 83702
    Phone: (208) 489-6004
    Fax: (208) 246-6363
    carter@dean-carterlaw.com

    Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2013, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

| | |
|---|---|
| Jeff Oven | Timothy Stubson |
| Crowley Fleck PLLP | Crowley Fleck PLLP |
| P.O. Box 2529 | 152 N. Durbin, suite 220 |
| Billings MT  59103-2529 | Casper, WY  82601 |
| joven@crowleyfleck.com | tstubson@crowleyfleck.com |

                                                /s/
                                    Rothgerber Johnson & Lyons LLP