Jeff Oven, Bar No. 6-3371
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-5292
joven@crowleyfleck.com

Timothy Stubson, Bar No. 6-3144
CROWLEY FLECK PLLP
152 N. Durbin, Suite 220
Casper, WY 82601
Telephone: (307) 265-2279
Facsimile: (307) 265-2307
tstubson@crowleyfleck.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) | Cause No.:  13-CV-118-SWS |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| THE INTERNATIONAL GROUP FOR | ) | |
| HISTORIC AIRCRAFT RECOVERY, a | ) | **CONCLUSIONS OF LAW** |
| Delaware non-profit corporation and | ) | |
| RICHARD E. GILLESPIE, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, by and through his attorneys Crowley Fleck, PLLP, and presents the following conclusions of law pursuant to Local Rule 7.1 (b)(2)(A) of the Local Civil Rules for the United State District Court for the District of Wyoming.

1.      To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint need only set forth a "short and plain statement of the claim showing the pleader is entitled to relief," and it "does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2.      A plaintiff must set forth more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 678 (*quoting Twombly,* 550 U.S. at 555). The allegations must rise above the level of mere speculation, but need only "raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Twombly*, 550 U.S. at 555-56.

3.      Even if a "savvy judge" believes that actual proof of the facts alleged is improbable, or that recovery is "very remote and unlikely," a pleading should still survive dismissal. *Id*. at 556.

4.      In order to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

5.      A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009)(*quoting Twombly*, 550 U.S. at 555).

> The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.

*Christy Sports*, 555 F.3d at 1191-92 (*citing Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

6.      "In order to prevail on a common law fraud allegation under Wyoming law, a plaintiff must prove (1) that the defendant made a false representation to induce action, (2) that

the plaintiff relied upon the representation to his detriment, and (3) that the plaintiff reasonably believed the representation to be true." *Ravenswood Inv. Co., L.P. v. Bishop Capital Corp.*, 374 F.Supp.2d 1055, 1065 (D.Wyo. 2005)(*citing Halliburton Co. v. Claypoole*, 868 P.2d 252, 256 (Wyo. 1994)).  In addition, Rule 9(b), Fed.R.Civ.P., provides:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).

7.      "The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, . . . and to be construed as to do substantial justice." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

8.      Rule 9(b) "does not require that a complaint set forth detailed evidentiary matter as to why particular defendants are responsible for particular statements, or that the allegations be factually or legally valid." *Celestial Seasonings*, 124 F.3d at 1253.  "Instead, Rule 9(b) requires that the pleadings give notice to the defendants of the fraudulent statements for which they are responsible." *Id*.  The fraud allegations in the Complaint plainly satisfy that requirement.

9.      The fraud allegations in the Complaint plainly satisfy these pleading requirements.

10.      "Under Wyoming law, the elements of negligent misrepresentation are as follows: (1)  defendant gave plaintiff false information in a transaction in which defendant had a pecuniary interest; (2)  defendant gave the false information to plaintiff for the guidance of plaintiff in plaintiff's business transactions;  (3)  defendant failed to use reasonable care in

3

obtaining or communicating the information;  (4)  plaintiff justifiably relied on the false information supplied by defendant; and (5) as a result of plaintiff's reliance, plaintiff suffered economic damages." *Wyoming Sugar Growers, LLC v. Spreckels Sugar Co., Inc.*, ____ F.Supp.2d ____, 2012 WL 7447081, at *3 n.2 (D.Wyo. 2012)(*citing Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003)).

11.    The elements of a negligent misrepresentation claim under Wyoming law are adequately pled in the Complaint.

12.    To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a civil RICO claim must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Hall v. Witteman, 584 F.3d 859, 867 (10th Cir. 2009).  "A 'pattern of racketeering activity' requires at least two acts of racketeering activity."  *Id*. at 867.  Those acts, commonly referred to as "predicate acts," must be violations of certain statutes.  *Id*. at 867 (*citing* 18 U.S.C. § 1961(1)).

13.    In order to satisfy RICO's pattern requirement, a plaintiff must "allege not only that the defendants had committed two or more predicate acts, but also 'that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity."  *Id*. at 867 (*quoting H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)).

14.    A RICO claim is adequately asserted in the Complaint.

15.    Under Wyoming law, "[t]he elements of negligence are (1) a duty, (2) a violation thereof, (3) which violation is the proximate cause of, (4) injury to the plaintiff."  *Glover v. Transcor America, Inc.*, 57 F.Supp.2d 1240, 1245 (D.Wyo. 1999)(*quoting Daily v. Bone*, 906

P.2d 1039, 1043 (Wyo. 1995)).  The elements of a claim for negligence under Wyoming law are adequately pled in the Complaint.

16.     Under Wyoming law, "[a] duty of care 'may arise by contract, statute, common law, or when the relationship of the parties is such that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff.'"  *Rice v. Collins Communication, Inc.*, 2010 WY 109, ¶ 10, 236 P.3d 1009, 1014 (Wyo. 2010)(citation omitted)(emphasis added).

17.     While the existence of a duty is a question of law and squarely within the Court's power to decide, it is a question whose answer must rest on a factual foundation.    The question of whether the relationship between two parties gives rise to a duty is a question of:

> whether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other – or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant.

*Thomas By Thomas v. South Cheyenne Water and Sewer Dist.,* 702 P.2d 1303, 1307 (Wyo. 1985).

18.     A claim for negligence under Wyoming law is adequately asserted in the Complaint.

19.     The economic loss rule is based on the principle that a claim for economic loss on contract cannot be translated into a tort action.  In *Continental Ins. v. Page Eng'g Co.*, 783 P.2d 641 (Wyo. 1989), the Wyoming Supreme Court echoed the reasoning employed by numerous courts throughout the past century which have applied the rule.

> The recognized majority rule is that a claim for pure economic loss . . . does not lie on the theory of negligence or strict liability. . . . This rule is founded on solid policy justifications. . . . The authorities recognize that the law of contracts is far better suited to deal with the dissatisfaction on the part of [the contracting parties].

*Id.* at 647 (citations omitted).

20.     Here, and as the defendants appropriately acknowledge, no written contract is alleged to have existed between the plaintiff and the defendants.  More importantly, however, no written contract is alleged to have existed with any other party, whereby the plaintiff would have had the opportunity to allocate the risks associated with the defendants' negligence in conducting the NIKU VII expedition.  The economic loss rule as recognized by the courts in Wyoming is therefore inapplicable.

For the Reasons set forth above, the Defendants' motion to dismiss is HEREBY DENIED.

DATED this 15th day of August, 2013.


CROWLEY FLECK PLLP
Attorneys for Plaintiff

By:   /s/   Timothy Stubson
JEFF OVEN, Bar No. 6-3371
P. O. Box 2529
Billings, MT  59103-2529

TIMOTHY M. STUBSON, Bar No. 6-3144
152 North Durbin Street, Suite 220
Casper, WY 82601

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 15th day of August, 2013:

[  ]  U.S. Mail
[  ]  FedEx
[  ]  Hand-Delivery
[  ]  Facsimile
[  ]  Email                                        *Counsel for Defendant(s)*
[X]  ECF Electronic filing


                                              /s/ Timothy M. Stubson
                                              Jeffery J. Oven
                                              Timothy M. Stubson