SETTLEMENT POSSIBILITIES:  GOOD ___   FAIR ___   POOR _X_

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

TIMOTHY MELLON,

    Plaintiff,

vs.

THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY, a Delaware non-profit corporation, and RICHARD E. GILLESPIE.,

    Defendants.

Case No.  13-CV-00118-S

## ORDER ON INITIAL PRETRIAL CONFERENCE

On October 10, 2013 an initial pretrial conference was held in the above-entitled matter before the Honorable Mark L. Carman, United States Magistrate Judge for the District of Wyoming. Plaintiff was represented by Timothy Stubson and Jeff Oven. Defendants The International Group for Historic Aircraft Recovery ("TIGHAR") and Richard E. Gillespie were represented by John Masterson and Alaina Marie Stedillie.

## JURISDICTION AND VENUE

The Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no necessary parties are erroneously joined in or omitted from the action. The Defendants wish to reserve the right to assert objections to jurisdiction and venue if defects become apparent in the future, but do not assert any objections at this time.

## CONSENT TO TRIAL BY MAGISTRATE JUDGE

The Parties are all aware of the provisions of 28 U.S.C. §636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

## CLAIMS AND DEFENSES

The Plaintiff filed a complaint setting forth claims arising from his financial contribution for an expedition to investigate the 1937 disappearance of Amelia Earhart and search for the wreckage of her aircraft. Defendant TIGHAR is a nonprofit corporation which performs investigations, aviation archaeology and historic preservation of rare historic aircraft. Defendant Richard Gillespie is TIGHAR's executive director. TIGHAR has been extensively involved in the investigation of the disappearance of Amelia Earhart and her navigator Fred Noonan, who disappeared in their 1937 attempt to circumnavigate

the world. TIGHAR's recent efforts have focused on the island of Nikumaroro in the Republic of Kiribati. In May 2010 TIGHAR conducted an expedition to Nikumaroro known as NIKU VI. This expedition included the use of high-definition underwater video camera to search the waters surrounding the island. The Plaintiff alleges that the video images obtained during the NIKU VI expedition included images of the Lockheed Electra aircraft flown by Amelia Earhart when she disappeared. The Plaintiff further alleges that rather than disclosing the discovery of the aircraft, TIGHAR undertook the planning and fundraising for its next expedition called NIKU VII. This fundraising effort included communications with Plaintiff which ultimately led to the Plaintiff's contribution of substantial assets to finance the NIKU VII expedition. The Plaintiff generally alleges that the discovery of the aircraft was withheld from him in an effort to encourage his financial participation in the expedition which would locate the missing aircraft.

The Plaintiff's complaint set forth four causes of action, those being fraud; negligent misrepresentation; Racketeer Influenced and Corrupt Organizations Act (RICO) violation; and negligence. The Defendants filed a motion to dismiss which was decided by this Court in its order of September 25, 2013. This Court, for reasons set forth in its Order granted the motion to dismiss in regards to the claims alleging negligence and RICO violations. The motion was denied as to the Plaintiff's claims alleging fraud and negligent misrepresentation and those claims remain at issue in this matter.

The Defendants have yet to file an answer following this Court's order on their motion to dismiss. The Defendants indicate they will generally deny the allegations that the aircraft was discovered prior to the solicitation of funds from the Plaintiff and further than no fraud or misrepresentation occurred. The Defendants will not assert a counterclaim at this time, but reserves the right to do so if discovery provides a basis for such a claim.

## COMPLEXITY OF THE CASE

The undersigned Judge is of the opinion that this is a non-complex case.

## RULE 26(F) SCHEDULING CONFERENCE

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

## SELF-EXECUTING ROUTINE DISCOVERY

The Parties have not yet fully completed the exchange of their self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c). This is expected to be completed within the next week.

The Parties shall confer regarding any discovery dispute, and in the event the Parties cannot settle the discovery dispute on their own, counsel shall jointly contact Magistrate Judge Mark L. Carman's chambers prior to filing any written discovery motions.

The Parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a), Fed.R.Civ.P. and Rule 26.1(c) U.S.D.C.L.R.

## Proposed Orders

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in a Word or WordPerfect format and emailed to wyojudgesws@wyd.uscourts.gov.

All proposed orders regarding non-dispositive motions should be submitted to Judge Carman's chambers in a Word or WordPerfect format and emailed to wyojudgemlc@wyd.uscourts.gov.

## Expert Witness Designation

**Plaintiff Designation Deadline — February 28, 2014**

**Defendants Designation Deadline — March 28, 2014**

In accordance with U.S.D.C.L.R. 26.1(g), Plaintiff shall designate expert witnesses and provide Defendants with a complete summary of the testimony of each expert by February 28, 2014.  The Plaintiff's designation SHALL include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness.  In accordance with U.S.D.C.L.R. 26.1(g), Defendants shall designate expert witnesses and provide the

5

Plaintiff with a complete summary of the testimony of each expert by March 28, 2014. These summaries SHALL include a comprehensive statement of the expert's opinions and the basis for the opinions. See *Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendants' experts after the discovery cutoff date, but must complete the depositions fourteen (14) days PRIOR to the final pretrial conference.

IN CASES WHERE TREATING MEDICAL OR MENTAL HEALTH PROVIDERS, INCLUDING VOCATIONAL REHABILITATION SPECIALISTS, MAY OR WILL BE CALLED TO TESTIFY AT TRIAL IN PART OR IN FULL AS AN EXPERT WITNESS, THE PARTY CALLING THAT WITNESS SHALL DESIGNATE THAT MEDICAL OR MENTAL HEALTH PROVIDER AS AN EXPERT WITNESS.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. Rule 26.1(g) U.S.D.C.L.R.

## LISTING OF OTHER WITNESSES — APRIL 21, 2014

The Parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before April 21, 2014. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

## DISCOVERY CUTOFF DATE — MAY 30, 2014

The discovery cutoff date is May 30, 2014. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Trial depositions may be taken up to seven (7) days prior to the trial date.

## DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES [1] — HEARING JULY 17, 2014

**Filing Deadline — June 19, 2014**

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

7

**Response Deadline — July 3, 2014**

The deadline for the Parties to file all dispositive motions and *Daubert* challenges together with briefs and affidavits in support thereof is June 19, 2014. The Parties shall file responsive briefs and affidavits on or before July 3, 2014.

If the dispositive motions and/or *Daubert* challenges are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

Dispositive motions and *Daubert* challenges are set for oral hearing before the Honorable Scott W. Skavdahl on the July 17, 2014, at 8:15 a.m. at the Ewing T. Kerr Courthouse in Casper, Wyoming. In the event all dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

## STIPULATIONS AS TO FACTS --- JULY 28, 2014

The Parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The Parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendants do not, and packet #3 shall include the facts to which Defendants seek to stipulate and Plaintiff does not. The Parties shall file these packets with the Court to by July 28, 2014.

## MOTIONS IN LIMINE

**Filing Deadline — July 17, 2014**

**Response Deadline — July 31, 2014**

Motions in limine or motions relating to the exclusion of evidence shall be filed no later than July 17, 2014. Responses shall be filed no later than July 31, 2014. Such motions will be addressed at the pretrial conference.

## FINAL PRETRIAL CONFERENCE — AUGUST 7, 2014 AT 8:15 A.M.

A final pretrial conference in this matter has been scheduled for 8:15 a.m. on August 7, 2014, in the Chambers of the Honorable Scott W. Skavdahl, Casper, Wyoming. Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. If you cannot locate the form, please contact Judge Skavdahl's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. A COPY OF THE PROPOSED ORDER MUST BE DELIVERED DIRECTLY TO AND RECEIVED BY JUDGE SKAVDAHL'S CHAMBERS (BUT NOT FILED) VIA E-MAIL TO WYOJUDGESWS@WYD.USCOURTS.GOV OR BY U.S. MAIL AT LEAST FIVE (5) DAYS

BEFORE THE FINAL PRETRIAL CONFERENCE.

WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE. Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

*A. Marking of Exhibits*: All exhibits must be marked by the Parties. The Plaintiff shall list and mark each exhibit with numerals and the number of the case, and counsel for the Defendants shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No. 13-CV-118, Plaintiff's Exhibit 1; Civil No. 13-CV-118, Defendant's Exhibit A. In the event there are multiple parties the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant TIGHAR Exhibit A, Defendant Gillespie Exhibit A, etc.

***B. Elimination of Duplicate.***   The Parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the Plaintiff.

***C. Copies for the Court.***   Before trial, each party must supply four copies of all exhibits to be used at trial. The copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

## EXHIBIT LIST

The Parties' exhibit lists are to be prepared in the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admitted (Court Use)* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

* This column is for use by the trail judge at trial.

The following categories are to be used for objections to exhibits:

> **Category A**.   These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.
>
> **Category B**.   These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.
>
> **Category C**.   These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

11

<u>ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. FAILURE TO DO SO IS AN ADMISSION OF AUTHENTICITY.</u>

<u>ANY EXHIBIT NOT LISTED IN THE FINAL PRETRIAL ORDER IS SUBJECT TO EXCLUSION AT TRIAL AND THE COURT MAY DEEM ANY OBJECTION NOT STATED IN THE FINAL PRETRIAL ORDER AS WAIVED.</u>

## WITNESSES

The parties shall identify in the Proposed Final Pretrial Order all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape. The witnesses will be listed as provided in Judge Skavdahl's form for Final Pretrial Order.

## JURY INSTRUCTIONS, JOINT STATEMENT AND VOIR DIRE

The Parties shall file and exchange requests for voir dire, jury instructions and proposed verdict forms seven (7) days before trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. U.S.D.C.L.R. 51.1. The requested voir dire, jury instructions and proposed verdict forms shall also be submitted directly to Judge Skavdahl's chambers by email to wyojudgesws@wyd.uscourts.gov in Word or WordPerfect format. The instructions must be formatted as a single document and shall include citations to authority. At the same

time as the filing of the jury instructions, the Parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The Parties should make every effort to agree upon the language for the statement. To the extent the Parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

### JURY TRIAL --- AUGUST 25, 2014 AT 9:30 A.M.

A jury trial is set before the Honorable Scott W. Skavdahl for 9:30 a.m. on August 25, 2014 in Casper, Wyoming, and is expected to last 6 days. The case is stacked first on the docket. U.S.D.C.L.R. 51.1.

### SETTLEMENT POSSIBILITIES

The settlement possibilities of this case are considered by the undersigned Judge to be poor.

Dated this 10th day of October, 2013.

_____
Mark L. Carman
U.S. Magistrate Judge