John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Rothgerber Johnson & Lyons LLP
123 W. 1st Street, Suite 200
Casper, WY  82601
307-232-0222
307-232-0077 fax
jmasterson@rothgerber.com
astedillie@rothgerber.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, )<br>)<br>Plaintiff,   )<br>)<br>v.                                                                )<br>)<br>THE INTERNATIONAL GROUP FOR   )<br>HISTORIC AIRCRAFT RECOVERY, a   )<br>Delaware non-profit corporation and   )<br>RICHARD E. GILLESPIE,   )<br>)<br>Defendants.   ) | Case No. 1:13-CV-00118-SWS |

## DEFENDANTS' COMBINED ANSWER TO PLAINTIFF'S COMPLAINT

**COME NOW** the Defendants herein, The International Group for Historic Aircraft Recovery and Richard E. Gillespie ("Mr. Gillespie") (collectively "Defendants"), by and through their attorneys, John A. Masterson and Alaina M. Stedillie of Lewis Roca Rothgerber LLP, and William J. Carter of Dean & Carter, PLLC, and respectfully respond together to Plaintiff's *Complaint* as follows.

## PARTIES

1. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in ¶ 1, and therefore deny the same.

2. Defendants admit the allegations in ¶ 2, but affirmatively state that the description of TIGHAR's activities is incomplete.

3. Defendants admit the allegations in ¶ 3.

## JURISDICTION

4. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation in ¶ 4, and therefore deny the same.

5. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation in ¶ 5, and therefore deny the same.

6. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation in ¶ 6, and therefore deny the same.

## VENUE

7. The Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in ¶ 7, and therefore deny the same.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation in ¶ 8, and therefore deny the same.

## FACTS COMMON TO ALL CLAIMS

9. Defendants admit the allegations in ¶ 9, but affirmatively state that the description of TIGHAR's activities is incomplete.

10. Defendants admit the allegations in ¶ 10.

11. Defendants admit the allegations in ¶ 11.

12. With regard to the allegations in ¶ 12, Defendants state that it contains compound allegations, and they respond to each of them as follows, upon the express assumption that "its efforts" as used in ¶ 12 refer to TIGHAR's investigation into the disappearance of Amelia Earhart and her navigator Fred Noonan in the South Pacific in 1937:

(a) Defendants admit that TIGHAR has focused its recent efforts on the island of Nikumaroro in the Republic of Kiribati.

(b) Defendants admit that the island of Nikumaroro was formerly known as Gardner Island.

13. With regard to the allegations in ¶ 13, Defendants state that it contains compound allegations, and Defendants admit each allegation, although Defendants deny searching the entire island or all the surrounding waters.

14. With regard to the allegations in ¶ 14, Defendants affirmatively state that in 2010, TIGHAR undertook an expedition known as NIKU VI, but deny it was to an island named "NIKU VI." Defendants admit that the 2010 NIKU VI expedition was to the island of Nikumaroro.

15. With regard to the allegations in ¶ 15, Defendants state that it contains compound allegations, and they respond to each of them as follows:

(a) Defendants admit the expedition lasted from on or about May 18, 2010, through on or about June 14, 2010.

(b) Defendants admit that the expedition included the use of an underwater Remote Operating Vehicle, which was equipped with a High-Definition video camera.

(c) Defendants deny that "significant" footage of the waters surrounding Nikumaroro was taken during the expedition as less than 1% of the waters surrounding the island appear in the footage, and there is nothing significant in the footage of the waters.

(d) Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations that footage taken during the NIKU VI expedition showed the Lockheed Electra flown by Amelia Earhart when she disappeared in 1937, and therefore deny the same.

16. With regard to the allegations in ¶ 16, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a) To the extent Plaintiff's use of the term "discovery" refers to any artifacts or human remains connected to the disappearance of Amelia Earhart and her navigator Fred Noonan in the

South Pacific in 1937, Defendants deny they made any "discovery" during the 2010 NIKU VI expedition.

(b)  Defendants deny they have ever failed to make any disclosure related to the discovery of Amelia Earhart and her navigator Fred Noonan in the South Pacific in 1937.

(c)  Defendants admit that following the 2010 NIKU VI expedition, they began to plan and fund-raise for their next expedition.

17. Defendants admit the allegations in ¶ 17.

18. With regard to the allegations in ¶ 18, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a) Defendant Gillespie admits that he met with Plaintiff, but only after Plaintiff made a donation to a non-profit organization (i.e. TIGHAR).

(b)  Defendants deny that Mr. Gillespie ever solicited a donation from Plaintiff, and affirmatively state that Plaintiff sought out Mr. Gillespie and offered a donation to a non-profit organization (i.e. TIGHAR).

19. With regard to the allegations in ¶ 19, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a) Defendants deny that Plaintiff and Mr. Gillespie spoke by phone on March 22, 2012, and affirmatively state that the referenced call took place on March 24, 2012.

(b)  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff was in Wyoming at the time of the call, and therefore deny the same.

(c)  Defendants admit the remaining allegations in ¶ 19.

20.  With regard to the allegations in ¶ 20, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a)  Defendants admit that subsequent to March 24, 2012, follow-up communications took place between Mr. Gillespie and Plaintiff.

(b)  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff was in Wyoming during the communications referenced in ¶ 20, and therefore deny the same.

(c)  Defendants deny the remaining allegations in ¶ 20.

21.  With regard to the allegations in ¶ 21, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a)  Defendants deny that a single, further conversation took place between Mr. Gillespie and Plaintiff regarding the NIKU VII expedition and Plaintiff's interest in being involved in discovering the whereabouts of the Earhart wreckage.

(b)  Defendants admit the second sentence of ¶ 21.

(c)  Defendants deny Mr. Gillespie ever represented the wreckage had not been found.

(d)  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in ¶ 21, and therefore deny the same.

22.  With regard to the allegations in ¶ 22, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a)   Defendants admit that Plaintiff donated stock having a value of approximately $1,046,843.00 to a non-profit entity (i.e. TIGHAR).

(b)   Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff made his donation solely upon TIGHAR's representations, and therefore deny the same.

23.   Defendants admit the allegations in ¶ 23.

24.   Defendants admit the allegations in ¶ 24.

25.   Defendants admit the allegations in ¶ 25.

## COUNT I
## (Fraud)

26.   Defendants reference and specifically adopt the responses previously given to the allegations in paragraphs 1 through 25, inclusive.

27.   With regard to the allegations in ¶ 27, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a)   Defendants deny they have ever knowingly and intentionally misrepresented anything about TIGHAR, any NIKU expedition, or anything regarding TIGHAR's work.

(b)   Defendants deny they told Plaintiff that the "aircraft" had not been located.

(c)   Defendants admit they have stated that additional funding and efforts were needed to locate the aircraft, but specifically deny that such statements were knowing and intentional misrepresentations.

28.   Defendants deny the allegations in ¶ 28.

29. With regard to the allegations in ¶ 29, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a) Defendants admit that Plaintiff donated approximately $1,046,843.00 to TIGHAR (a non-profit entity), and TIGHAR used the funds to support the NIKU VII expedition.

(b) Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that any donation made by Plaintiff was based upon any particular representation or fact, and therefore deny the same.

30. Defendants deny the allegations in ¶ 30.

31. Defendants deny the allegations in ¶ 31.

## COUNT II
### (Negligent Misrepresentation)

32. Defendants reference and specifically adopt the responses previously given to the allegations in paragraphs 1 through 31, inclusive.

33. Defendants deny the allegations as stated in ¶ 33, and affirmatively state that any representation they have made are factual reports about their findings and results of their expeditions, not whether they have been successful or unsuccessful.

34. Defendants admit the allegations in ¶ 34.

35. Defendants deny the allegations in ¶ 35.

36. With regard to the allegations in ¶ 36, Defendants state that it contains argumentative and compound allegations, and they respond to each of them as follows:

(a) TIGHAR denies it has ever made false representations about itself, any NIKU expedition, or anything regarding TIGHAR's work.

(b) Defendants deny any and all remaining allegations in ¶ 36.

37. Defendants deny the allegations in ¶ 37.

38. Defendants deny the allegations in ¶ 38.

39. Defendants deny the allegations in ¶ 39.

Plaintiffs affirmatively state that by virtue of this Court's Order of September 25, 2013, Count III (RICO) and Count IV (Negligence) were dismissed with prejudice, so no response to the allegations in ¶¶ 40 through 54, inclusive, is required or provided.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims against Defendants upon which relief can be granted.

2. The Complaint makes no substantive allegations against Defendant Mr. Gillespie other than in his capacity as executive director for TIGHAR, so he should be dismissed from this lawsuit.

3. Prior to making his donation and participating with TIGHAR, Plaintiff failed to exercise due diligence in reviewing the publicly-available information available to him, seeking additional information from Defendants, or seeking the advice of others, so any and all decisions,

actions or inactions of Plaintiff, and consequently any damages he claims to have suffered therefrom, were directly related to his own actions, inactions and failures.

4. Differences of opinion between experts, as well as among laypeople, cannot constitute fraud.

5. Plaintiff has failed to allege, support or establish any duty running from Defendants to Plaintiff.

6. Plaintiff has failed to mitigate his damages, if any.

3. Some or all of Plaintiff's claims against Defendants may be barred by the doctrines of waiver, laches, estoppel, consent and/or ratification.

4. Plaintiff has failed to allege his fraud claim with particularity as to Defendants, and therefore his claim for fraud against Defendants should be dismissed with prejudice.

5. Plaintiff's alleged injuries and damages, if any, were not proximately caused by any action or inaction on the part of Defendants, and therefore Plaintiff's claims are barred.

6. Plaintiff's alleged injuries and damages, if any, may be the result of Plaintiff's own acts and/or omissions, and/or the acts or omissions of third parties over whom Defendants, either in some combination or individually, had no control, and therefore Plaintiff's claims against Defendants are barred.

7. If, in the context of the negligent misrepresentation count, Defendants were negligent, (which negligence is denied), then Defendants' negligence, when compared to that of Plaintiff, is less than that of the Plaintiff, and therefore Plaintiff's claims against Defendants are barred.

8. Plaintiff's claimed injuries and damages are subject to comparison and reduction in accordance with Wyoming's Comparative Fault Statute, Wyo. Stat. Ann. § 1-1-109.

9. Plaintiff's Complaint should be dismissed for failure to state the damages sustained in a definite amount or in a manner that affords a basis on which they may be estimated.

13. Defendants reserve the right to plead additional affirmative defenses as they may become known to them through investigation and discovery.

**WHEREFORE**, Defendants pray that this Court:

1. Rule in favor of Defendants and against Plaintiff on all claims asserted against Defendants in the Complaint;

2. Rule in favor of Defendants and against Plaintiff on Defendants' Affirmative Defenses;

3. Award Defendants their costs, attorney fees and interest accrued herein as allowed for by law; and

4. Award such other and further relief as the Court may deem appropriate.

**RESPECTFULLY SUBMITTED** this 15th day of October, 2013.

                          THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY and RICHARD E. GILLESPIE

By             /s/            
      John A. Masterson  #5-2386
      Alaina M. Stedillie  #6-4327
      Lewis Roca Rothgerber LLP
      123 W. 1st Street, Suite 200
      Casper, WY  82601
      307-232-0222
      307-232-0077 fax
      jmasterson@rothgerber.com
      astedillie@rothgerber.com

      William J. Carter ISB#5295 *(Pro Hac Vice)*
      Dean & Carter, PLLC.
      1112 Main Street, #302
      Boise, Idaho 83702
      Phone: (208) 489-6004
      Fax: (208) 246-6363
      carter@dean-carterlaw.com

      Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2013, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

| | |
|---|---|
| Jeff Oven | Timothy Stubson |
| Crowley Fleck PLLP | Crowley Fleck PLLP |
| P.O. Box 2529 | 152 N. Durbin, suite 220 |
| Billings MT  59103-2529 | Casper, WY  82601 |
| joven@crowleyfleck.com | tstubson@crowleyfleck.com |

                                               /s/
                                   Lewis Roca Rothgerber LLP