Jeff Oven, Bar No. 6-3371
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-5292
joven@crowleyfleck.com

Timothy Stubson, Bar No. 6-3144
CROWLEY FLECK PLLP
152 N. Durbin, Suite 220
Casper, WY 82601
Telephone: (307) 265-2279
Facsimile: (307) 265-2307
tstubson@crowleyfleck.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) Cause No.:  13-CV-118-SWS |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| THE INTERNATIONAL GROUP FOR | ) |
| HISTORIC AIRCRAFT RECOVERY, a | ) **MOTION TO AMEND ORDER** |
| Delaware non-profit corporation and | ) **GRANTING IN PART AND** |
| RICHARD E. GILLESPIE, | ) **DENYING IN PART MOTION TO** |
| | ) **DISMISS COMPLAINT** |
| Defendants. | ) |

_____

Comes Now the Plaintiff, by and through his attorneys Crowley Fleck, PLLP and moves

the Court to amend its *Order Granting in Part and Denying in Part Motion to Dismiss*

*Complaint* (the "Order") such that Plaintiff's RICO claim (Count III) is dismissed without

prejudice rather than with prejudice.  In support of its motion, Plaintiff provides the following:

In the Order, the Court granted Defendant's *Motion to Dismiss* as to Plaintiff's claims for

RICO violations and negligence (Counts III and IV) and dismissed those claims with prejudice.

However, because the RICO claim was dismissed due to factual deficiencies, the Court should

have dismissed the claim without prejudice thus allowing a future amendment to the Complaint if the necessary specific facts supporting that claim are discovered.

The Court's decision to dismiss Plaintiff's RICO claim was based solely upon the Plaintiff's failure to provide adequate factual specificity. The Court explained that "the Complaint lacks any specificity as to the time, place and consequences of the alleged false representations to these other parties."  Order, p.10.  The Court then went on to state that "Plaintiff has failed to state a plausible claim under RICO."  Order, p.11.  But a lack of specificity should not give rise to a dismissal with prejudice.   Instead, the RICO claim should have been dismissed without prejudice because it is possible that an amendment to the Complaint could cure the deficiency.   Dismissal with prejudice, in contrast, effectively forecloses any opportunity to amend.  As Wright and Miller explains:

> A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

5B Wright & A. Miller, *Fed. Prac. & Proc. Civ.* § 1357 (3d ed.).

> [D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected.   The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading.

*Id.*

Following this wise judicial practice, the 10th Circuit has explained: Dismissal of complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010) (*quoting*

*Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001)).  Thus, a claim should only be dismissed with prejudice if the Court finds that an amendment to the Complaint would be futile.

Following this same approach, courts across the country have realized that when considering the propriety of a dismissal with prejudice courts must respect the usual preference that cases be heard on the merits.  *See e.g. Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985); *Bailey v. U.S.,* 642 F.2d 344, 347 (9th Cir. 1981); 2 *Moore's Federal Practice,* § 12.34[5].  Given the posture of this case and the fact that no discovery has been conducted to date, a similar approach would be wise in this case.

At this point, the Court has no way of knowing whether Plaintiff can provide the requisite factual specificity to state a plausible RICO claim.  The mere fact that the required facts were not included in the original complaint does not foreclose the possibility that they do exist.  This situation is in stark contrast to the Court's decision on Plaintiff's negligence claim.  There the Court dismissed the claim after finding that "Defendants did not owe Plaintiff a duty." Order, p.12.  Since the Court found that no duty existed, it would be impossible for Plaintiff to plead facts that would state a claim for relief.  Thus, dismissal of the negligence claim with prejudice was proper.  But there may exist facts that would support a RICO claim, making it improper for the Court to dismiss that claim with prejudice.

It is important to note that Plaintiff does not intend to immediately seek leave to amend his Complaint in an attempt to revive his RICO claim.  Rather, Plaintiff is simply seeking the opportunity to do so if specific facts supporting a RICO claim are discovered.  Thus, Plaintiff is seeking to be placed in the same position he would have been in had he

not included the RICO claim in his original Complaint.  If the RICO claim had not been included and during the course of this litigation Plaintiff discovered specific facts that supported a RICO claim, he would have had the opportunity to amend his Complaint. Under the standards of Fed. R. Civ. P. 15(a)(2), the Court would have given him leave to make that amendment if "justice so required."  The practical effect, then, of the Court's dismissal of Plaintiff's RICO claim with prejudice is to deny any possible amendment without even considering it.  Instead, the Court should consider any of Plaintiff's requests to amend his Complaint since "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (*quoting Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993)).

## Conclusion

For the foregoing reasons, the Court should amend its *Order Granting in Part and Denying in Part Motion to Dismiss Complaint* such that Plaintiff's RICO claim is dismissed without prejudice rather that with prejudice.

DATED this 21st day of October, 2013.

> CROWLEY FLECK PLLP
> Attorneys for Plaintiff
>
> By:  /s/  Timothy Stubson
> JEFF OVEN, Bar No. 6-3371
> P. O. Box 2529
> Billings, MT  59103-2529
>
> TIMOTHY M. STUBSON, Bar No. 6-3144
> 152 North Durbin Street, Suite 220
> Casper, WY 82601

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 21st day of October, 2013:

[  ] U.S. Mail
[  ] FedEx
[  ] Hand-Delivery
[  ] Facsimile
[  ] Email                          *Counsel for Defendant(s)*
[X]  ECF Electronic filing


/s/ Timothy M. Stubson
          JEFF OVEN, Bar No. 6-3371
          P. O. Box 2529
          Billings, MT  59103-2529

          TIMOTHY M. STUBSON, Bar No. 6-3144
          152 North Durbin Street, Suite 220
          Casper, WY 82601

          Attorneys for Plaintiff