John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Rothgerber Johnson & Lyons LLP
123 W. 1st Street, Suite 200
Casper, WY  82601
307-232-0222
307-232-0077 fax
jmasterson@rothgerber.com
astedillie@rothgerber.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 CV 118-S |
| | ) | |
| THE INTERNATIONAL GROUP FOR | ) | |
| HISTORIC AIRCRAFT RECOVERY, a | ) | |
| Delaware non-profit corporation and | ) | |
| RICHARD E. GILLESPIE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S** *MOTION TO AMEND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COMPLAINT*

**COME NOW** The International Group for Historic Aircraft Recovery and Richard E. Gillespie ("Mr. Gillespie") (collectively, "Defendants"), by and through their attorneys, John A. Masterson and Alaina M. Stedillie of Lewis Roca Rothgerber LLP, and William J. Carter of Dean & Carter, PLLC, and respectfully submit their *Objection to Plaintiff's Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint*.

## I.     Background

On July 22, 2013, Defendants responded to Plaintiff's *Complaint* with their *Motion to Dismiss Complaint*. Following Plaintiff's filing of his response, on August 27, 2013, this Court heard oral argument on Defendants' *Motion*. On September 25, 2013, this Court issued its *Order Granting in Part and Denying in Part Motion to Dismiss Complaint* ("*Order*"). Relevant to Plaintiff's *Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint* ("*Motion*"), this Court ordered the dismissal of Plaintiff's allegations under the Racketeer Influenced Corrupt Organizations Act ("RICO") and Negligence. *See Order*, generally.

On October 21, 2013, Plaintiff filed his *Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint*, asking this Court to "amend" its holding as to the RICO claim, and convert the dismissal to one "without prejudice." Defendants object to Plaintiff's effort, and in support of their objection, submit this *Objection to Plaintiff's Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint* ("*Objection*").

## II.     Standard of Review

Whether to grant a 12(b)(6) motion to dismiss with or without prejudice is a matter within the sound discretion of the District Court.  *United States ex rel. Stone v. Rockwell International Corporation*, 282 F.3d 787, 808 (10th Cir. 2002).  Indeed, the Plaintiff does not raise any concern about this Court's *ability* to dismiss its claims with prejudice, but instead takes issue with the fact that the Court chose to exercise that ability.

As to what standard governs a motion to reconsider or amend, such as the one filed by the Plaintiff, it was succinctly set out in 2011 by United States District Court Judge Christine M. Arguello in *Culp v. Williams*, 2011 WL 19822011 (D.Colo., 2011).  While this particular decision is unreported, Judge Arguello's recitation is based upon well-established law.  As it is concise, it is set out in its entirety:

> A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed.R.Civ.P. 59(e). The Court will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 29, 2011.  *See Can Skiver*, 952 F.2d at 1243.
>
> Three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000).  A motion to reconsider is appropriate where the court has misapprehended the fact, a party's position, or the controlling law.  *Id.* (citing *Van Skiver,* 952 F.2d at 1243).

As Plaintiff's *Motion* fails to meet any of these standards, let alone articulate any of them as grounds in its argument, it should be denied.

### III. Application

Plaintiff's *Motion* makes no claim of an intervening change in applicable law. It makes no claim of newly discovered evidence, and does not claim there to be "clear error" or "manifest injustice." None of these elements are claimed or even mentioned in the *Motion*, but more importantly, none are present in or applicable to the instant case. Rather, Plaintiff's *Motion* appears to be based on the hope that he can cast a net through discovery and find some fact, any fact, to justify his refiling of the dismissed RICO charge – the civil allegation carrying the most sensational connotations and the most egregious consequences. This implied admission, that the Plaintiff does not have the facts to support such an allegation now and most certainly did not have the facts at the time the Plaintiff filed the *Complaint*, does not warrant this Court reversing a decision made within the bounds of its sound discretion. Plaintiff's *Motion* should not be granted based upon what might happen, or what could happen, or what may happen, which appears to be what the Plaintiff is seeking.

Plaintiff's argument that he would have been better served to have initially excluded its RICO claim, only to seek to amend its Complaint after discovery had commenced, is also unavailing. While creative, is without legal basis. Furthermore, this Court should not have to reverse its ruling for a party who now wishes it had employed a different litigation strategy.

There is simply no evidence, and Plaintiff provides none, that this Court has misapprehended a fact in the case, the Plaintiff's position, or the controlling law. Based on the

Plaintiff's conspicuous silence on these points, Defendants respectfully ask this Court to deny the *Motion* and let its *Order Granting in Part and Denying in Part Motion to Dismiss Complaint*.

**WHEREFORE**, Defendants pray that this Court:

1. Deny Plaintiff's *Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint*.

2. Award such other and further relief as the Court may deem appropriate.

**RESPECTFULLY SUBMITTED** this 14th day of November, 2013.

        THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY and RICHARD E. GILLESPIE

By       /s/
    John A. Masterson  #5-2386
    Alaina M. Stedillie  #6-4327
    Lewis Roca Rothgerber LLP
    123 W. 1st Street, Suite 200
    Casper, WY  82601
    307-232-0222
    307-232-0077 fax
    jmasterson@rothgerber.com
    astedillie@rothgerber.com

    William J. Carter ISB#5295 *(Pro Hac Vice)*
    Dean & Carter, PLLC.
    1112 Main Street, #302
    Boise, Idaho 83702
    Phone: (208) 489-6004
    Fax: (208) 246-6363
    carter@dean-carterlaw.com

    Counsel for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2013, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

| | |
|---|---|
| Jeff Oven | Timothy Stubson |
| Crowley Fleck PLLP | Crowley Fleck PLLP |
| P.O. Box 2529 | 152 N. Durbin, suite 220 |
| Billings MT  59103-2529 | Casper, WY  82601 |
| joven@crowleyfleck.com | tstubson@crowleyfleck.com |

/s/<br>Lewis Roca Rothgerber LLP