FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 DEC 13 PM 1 58

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, ) ) ) Plaintiff, ) ) vs. ) ) THE INTERNATIONAL GROUP FOR ) HISTORIC AIRCRAFT RECOVERY, a ) Delaware non-profit corporation, and ) RICHARD E. GILLESPIE, ) ) Defendants. ) | Case No. 1:13-CV-00118-SWS |

### ORDER DENYING MOTION TO AMEND ORDER

This matter comes before the Court on Plaintiff's *Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint* (ECF No. 34). The Court, having considered the briefs submitted in support of the motion and Defendants' objection thereto, and being otherwise fully advised, FINDS and ORDERS as follows:

1. Plaintiff initially brought claims against Defendants for fraud, negligent misrepresentation, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and negligence. Defendants filed a motion to dismiss each of Plaintiff's claims for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The Court granted in

part and denied in part Defendants' motion, dismissing *with prejudice* Plaintiff's claims for RICO violations and negligence. (*"Order"*) (ECF No. 28).

2. Plaintiff now moves for an amendment to the Court's *Order*, requesting that dismissal of Plaintiff's RICO claim be *without* prejudice rather than with prejudice. Plaintiff argues such an amendment is appropriate because the RICO claim was dismissed due to factual deficiencies in the Complaint. Plaintiff contends a dismissal with prejudice forecloses the opportunity to amend his Complaint "*if* specific facts supporting a RICO claim are discovered." (Mot. to Amend at 3) (ECF No. 34) (emphasis added). Plaintiff cites to Tenth Circuit cases for the proposition that dismissal of a complaint for failure to state a claim is proper only where an amendment to the complaint would be futile. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

3. Whether to grant a 12(b)(6) motion to dismiss with or without prejudice is a matter within the discretion of the district court. *See Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

4. The Court finds Plaintiff's motion to amend the *Order* is not warranted. First, Plaintiff's argument is premised on cases brought by *pro se* plaintiffs where a court is bound to apply a more liberal pleading standard. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). Second, this is not a situation where Plaintiff, represented by counsel, requested an opportunity to amend in response to the motion to dismiss, indicating the possibility that an amendment could cure the factual deficiencies. Nor has

Plaintiff proffered facts since discovered that could support a RICO claim. If that situation arises, Plaintiff may seek relief pursuant to Fed.R.Civ.P. 59(e) or 60(b), or other grounds he deems warranted by the circumstances. THEREFORE, it is hereby

ORDERED that Plaintiff's *Motion to Amend Order Granting in Part and Denying in Part Motion to Dismiss Complaint* (ECF No. 34) is DENIED.

Dated this 13 day of Dec, 2013.

Scott W. Skavdahl
United States District Judge