John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Lewis Roca Rothgerber, LLP
123 W. 1st Street, Suite 200
Casper, WY 82601
307-232-0222
307-232-0077 fax
jmasterson@lrrlaw.com.com
astedillie@lrrlaw.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter1@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 CV 118-S |
| | ) | |
| THE INTERNATIONAL GROUP FOR | ) | |
| HISTORIC AIRCRAFT RECOVERY, a | ) | |
| Delaware non-profit corporation and | ) | |
| RICHARD E. GILLESPIE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT RICHARD GILLESPIE'S MOTION
FOR SUMMARY JUDGMENT AS TO CLAIMS AGAINST HIM
AS INDIVIDUAL DEFENDANT**

COMES NOW Defendant Richard E. Gillespie ("Mr. Gillespie"), by and through his

undersigned counsel, John A. Masterson and Alaina M. Stedillie of Lewis Roca Rothgerber,

LLP, and William J. Carter of Dean & Carter, PLLC, and respectfully submits his *Memorandum in Support* of his *Motion for Summary Judgment as to Claims against Him as Individual Defendant*, filed concurrently herewith.

## I. Undisputed Material Facts, Statement of the Case and Summary of the Argument

This case has a very interesting history, as discussed by this Court in its Order of September 25, 2013, partially granting and partially denying the Defendants' *Motion to Dismiss*, so there is no need to review it in its entirety here, other than to provide the following brief recitation of undisputed material facts as stated in the *Complaint* and as applied to Mr. Gillespie as an individual defendant[1] by Plaintiff's discovery answers and deposition testimony.

First, Plaintiff states that he contacted Defendant TIGHAR in March 2012 after reading an article in the *Casper Star-Tribune*. In response to that telephone call, Mr. Gillespie, acting in his capacity as Executive Director of TIGHAR, Compl. ¶ 3, spoke with Plaintiff regarding his desire to make a gift to the non-profit organization TIGHAR. As TIGHAR's Executive Director, Mr. Gillespie facilitated that gift.

Second, Plaintiff refers to Mr. Gillespie only six times in the Complaint. Compl. ¶¶ 3, 17-21. These references are either made as background facts or to identify him as TIGHAR's Executive Director. Never is Mr. Gillespie referred to as an individual or as someone who acted in an individual, private capacity. Indeed, nowhere in the remaining claims for relief is Mr. Gillespie's name to be found. Instead, Plaintiff lays the blame for his alleged damages solely at the feet of TIGHAR, the organization. See, Compl. ¶¶ 27-31, 33-39.

---

[1] The capacity in which Mr. Gillespie was sued is not specified in the caption or body of the *Complaint*, however conversations with opposing counsel indicate that Plaintiff intended to sue Mr. Gillespie in his individual capacity.

Third, in all of Plaintiff's responses to Interrogatories, Requests for Production, and Requests for Admission, in addition to his testimony provided in his deposition, Plaintiff has provided no evidence other than statements of his own opinion to support any claims against Mr. Gillespie as an individual. Indeed, when asked to explain why he believed Mr. Gillespie, as an individual, harmed him, Plaintiff could only point to the fact that Mr. Gillespie was "earning a living" as TIGHAR's Executive Director at the time Plaintiff made his gift to TIGHAR as the basis for including him in the lawsuit. Pl's Depo. at pp. 93-94; Pl's Resp. to Interrog. No. 17; Pl's Resp. to Req. for Prod. Nos. 16-19. Furthermore, Mr. Gillespie never received any direct, individual financial benefit, or any other benefit, from Plaintiff or his gift to TIGHAR. Gillespie Aff. at ¶ 9.[2]

## II.   Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e view all facts and evidence in the light most favorable to the party opposing summary judgment." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) (citing *Morris v. City of Colorado Springs,* 666 F.3d 654, 660 (10th Cir. 2012) ("In conducting the analysis, we 'view all facts [and evidence] in the light most favorable to the party opposing summary judgment.' ") (internal citations omitted)).

The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1197 (10th Cir. 2000).

If the movant carries this initial burden, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts, identified by reference to

---

[2] Mr. Gillespie's affidavit is attached hereto as Exhibit A.

2004842908_1

affidavits, deposition transcripts, or specific exhibits incorporated therein," from which a rational trier of fact could find for the nonmovant. *Id.* If the nonmovant fails to establish a genuine issue of material fact, then "we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."

*Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (citing *Sealock v. Colorado,* 218 F.3d 1205, 1208–09 (10th Cir. 2000)).

The moving party may make a prima facie demonstration by pointing out to the Court a lack of evidence to support the nonmoving party's claims:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact" since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett,* 477 U.S. 317, 322-23 (1986). Thus, the party moving for summary judgment need not negate the nonmoving party's claims in order to obtain summary judgment. Instead, the moving party only bears the initial burden of showing or pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. By pointing out the absence of any evidence of support the nonmoving party's claims, the burden shifts to the nonmoving party to "go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmoving party." *Murphy v. Mid-Century Ins. Co.,* 2014 WL 2619073, *2 (D. Kan. 2014) (quoting *Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003)). "Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to

avoid summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 834 (10th Cir. 1986).

## III.   Argument

As stated above, each of Plaintiff's remaining claims for relief are made against TIGHAR, the organization.  In the context of those claims, Mr. Gillespie is only identified as the Executive Director of the organization.  There are no allegations in the Complaint that Mr. Gillespie acted in any way other than in his official capacity as TIGHAR's Executive Director or that he individually damaged the Plaintiff in any way.  Based on these facts alone, Plaintiff's claims for fraud and negligent misrepresentations against Mr. Gillespie as an individual are not claims for which relief can be granted; according to the plain language of Plaintiff's Complaint, TIGHAR, not Mr. Gillespie, is the party upon whom the Plaintiff relied when he made his donation and by whom he allegedly suffered damages as a result of that donation.  From the face of the allegations in the Complaint, it appears that Mr. Gillespie was acting within his official capacity as TIGHAR's Executive Director and did not stray from the scope of authority afforded by that position.

A person acting in an official capacity is, by definition, acting within the scope of his duties. *Matthews v. Wyo. Dept. of Agriculture,* 719 P.2d 216, 219 (Wyo. 1986).  The allegations in the Complaint do not allege that Mr. Gillespie acted in an individual capacity in any way.  Taking the allegations as true, as we must for the purposes of this *Motion,* all telephone calls, meetings, solicitations, and communications were performed within the scope of Mr. Gillespie's duties as the Executive Director of TIGHAR.  Plaintiff has produced no evidence that Mr. Gillespie was soliciting funds for his own use or making promises to enter into a contract as an individual.  Indeed, all documents produced in this case show that Mr. Gillespie acted in his

official capacity as TIGHAR's Executive Director at all times, and Mr. Gillespie's affidavit, attached hereto as Exhibit A, confirms that fact. Gillespie Aff. at ¶ 9.

Paragraph 17 of the Complaint states that Mr. Gillespie, as part of his role as Executive Director of TIGHAR, "began meeting with potential benefactors who would support the newly planned [NIKU VII] expedition." Plaintiff does not attribute any fundraising or solicitation efforts to Gillespie individually. Furthermore, in Paragraph 22 of the Complaint, Plaintiff specifically identifies the party that allegedly made representations to him regarding the Earhart wreckage; Plaintiff states that he donated stock "(b)ased on *TIGHAR's* representations..." (emphasis added). Plaintiff's attribution of statements made by Mr. Gillespie to the non-profit organization TIGHAR makes it clear that Plaintiff saw Mr. Gillespie as an agent of TIGHAR, not an individual, for the purposes of this lawsuit.

Plaintiff also states that TIGHAR's representations were made in its ordinary course of business. Compl. ¶ 35. This statement demonstrates that Plaintiff viewed Mr. Gillespie as an agent for TIGHAR who made statements to Plaintiff in his official capacity as Executive Director of TIGHAR. Therefore, TIGHAR, and not Mr. Gillespie, is the proper party for suit. *See generally,* 3 Am.Jur.2d Agency, § 71.

Additionally, in his responses to discovery, attached hereto as Exhibit B, Plaintiff provides no evidence, other than his opinion, that Mr. Gillespie acted in an individual capacity when discussing TIGHAR or Plaintiff's intention to make a gift to the organization. Interrogatory No. 17 reads as follows:

> State in specific detail how Ric Gillespie acted in his personal capacity in the allegations You make in Your Complaint. Your response should include any and all Statements and Communications You had with Ric Gillespie in his individual capacity and any and all facts upon which you rely for your allegations that Ric Gillespie acted in a personal capacity in this matter.

In response to this Interrogatory, the Plaintiff stated:

> Ric Gillespie and his wife are the sole paid employees of TIGHAR and benefit
> financially from the operations of TIGHAR and its continued solicitations and
> expeditions.  All statements made and actions taken by Ric Gillespie appear to be
> joint undertakings of TIGHAR and Ric Gillespie individually.

Notably, Plaintiff has been unable to identify why these statements "appear" to be joint
undertakings, other than explaining that Mr. Gillespie is paid for serving as Executive Director.

Mr. Gillespie also provides only his own opinion to support his responses to four
Requests for Admission.  In response to Request for Admission 16, which asks him to admit that
Paragraphs 21 and 33 of the Complaint concern Mr. Gillespie's representations were made in his
official capacity, Plaintiff states "Qualified denial.  Representations made by Mr. Gillespie were
made in his individual capacity and as director of TIGHAR."  In response to Requests for
Admission 17 and 18, which ask Plaintiff to admit that the fraud and negligent misrepresentation
claims were not made against Mr. Gillespie individually, Plaintiff simply states "Denied."
Request for Admission 19 asks Plaintiff to admit that every allegation against Mr. Gillespie as
stated in the Complaint concerns actions taken in his official capacity as TIGHAR's Executive
Director.  Again, Plaintiff simply denies this Request.

While it may be Plaintiff's *opinion* that Mr. Gillespie acts in an individual capacity when
speaking with potential donors, and did so when Plaintiff contacted him to make his gift, the
Plaintiff has absolutely no evidence that Mr. Gillespie did so in this case.  The fact that Mr.
Gillespie draws a salary from TIGHAR as its Executive Director does not mean that Mr.
Gillespie acted in his individual capacity by accepting a gift on the organization's behalf, the
whole of which went to paying for the 2012 expedition.  Indeed, even documents provided by
Plaintiff in his initial disclosures, attached hereto as Exhibit C, demonstrate that Mr. Gillespie
acted with actual authority on behalf of TIGHAR, and Plaintiff corresponded with Mr. Gillespie

2004842908_1

in his official capacity at all times. The first document in Exhibit C, Mellon-00001, is a letter outlining the gift agreement that Plaintiff's broker sent to Mr. Gillespie as "Director" of TIGHAR. The second document, Mellon-00002, is a letter Mr. Gillespie sent Plaintiff on TIGHAR letterhead, evidence that he was acting on behalf of the organization. The third document, Gillespie Deposition Exhibit 49, includes a series of documents provided by Plaintiff to Mr. Gillespie outlining terms of a promissory note. On page three of Deposition Exhibit 49, Plaintiff lists Mr. Gillespie as the Executive Director of TIGHAR in both the signature block and the notarization block. The final document, a screen grab of TIGHAR's website, Mr. Gillespie is listed as the Executive Director, a position he has held since 1985. All of the documents show Mr. Gillespie held himself out as the Executive Director of TIGHAR, and the Plaintiff treated him as such. Plaintiff has offered no evidence that Mr. Gillespie ever acted otherwise.

Since actual authority may have been implied from words and conduct of the parties and facts and circumstances attending the transaction in question, 3 Am.Jur.2d Agency, § 75, the content of the documents attached hereto in Exhibit B demonstrate that Plaintiff has no evidence, other than blanket statements of opinion made in discovery, that Mr. Gillespie communicated with him or sought a gift from him in anything other than his official capacity.

Finally, Plaintiff's deposition testimony, attached hereto as Exhibit D, demonstrates that Plaintiff has *no* evidence to support a claim that Mr. Gillespie acted in his individual capacity:

Q.      Can you articulate for me what you believe Mr. Gillespie, as a civilian, did to you separate and apart from his role in TIGHAR?

A.      Well, it's my belief that you can't separate the two…the persona is essential to the organization, but obviously survives as a separate entity outside.

…

Q.      …Any of the allegations you've made against him in the Complaint not under
        TIGHAR auspices?  Wasn't he always acting as the executive director?

…

A.      My opinion is that Mr. Gillespie was looking out for Mr. Gillespie and Mrs.
        Gillespie to a fair extent, and whatever else he did as TIGHAR was part of
        TIGHAR.  It was -- a component of it was not TIGHAR, it was Mr. Gillespie and
        Mrs. Gillespie.

Q.      And what component was that?

A.      Earning a living.

Q.      So the fact that he draws a salary from TIGHAR?

A.      Yeah, well, amongst other benefits, yes.

Q.      Can you tell me any actions that he took as an individual in the Complaint as
        opposed to acting as TIGHAR's executive director?

A.      I think he raised money in TIGHAR'S name but used substantial parts of it for his
        own benefit, personal benefit.

…

Q.      And that personal benefit, then, is through his compensation with TIGHAR?

A.      Yes.

…

Q.      You're not saying that he skimmed money outside -- you know, that he shouldn't
        have, off of TIGHAR, you just disagree with his compensation scheme?

A.      Yes, considering it's a non-profit organization.

Q.      As far as you know, was your gift used for the 2012 expedition?

A.    I believe it was.

Pl's Depo. at pp. 93-95.

The answers above demonstrate that Plaintiff has no evidence that Mr. Gillespie ever acted outside of his duties as the Executive Director for TIGHAR.  Mr. Gillespie certainly drew a salary from his position as Executive Director, but Plaintiff's gift did not contribute to that salary; all of it went to fund part of the 2012 expedition.  Plaintiff does not have evidence, let alone clear and convincing evidence, to support, or even articulate, his theory that Mr. Gillespie acted as an individual to defraud Plaintiff or acted as an individual while making any representations about whether TIGHAR had discovered Ms. Earhart's plane.

## IV.    Conclusion

When reading the *Complaint*, taking all well-pleaded factual allegations as true and viewing them in a light most favorable to the Plaintiff, summary judgment in favor of Mr. Gillespie is appropriate.  As noted above, every paragraph of the *Complaint* that mentions Mr. Gillespie does so in the context of his role as Executive Director for TIGHAR.  Never does Plaintiff allege that Mr. Gillespie individually caused him damages from any of the conversations he had with Plaintiff or from the gift Plaintiff bestowed upon TIGHAR.  Indeed, from the *Complaint*, it is clear that the Plaintiff believed Mr. Gillespie was acting with actual or implied authority as TIGHAR's Executive Director and making representations solely on behalf of the organization.

Even Plaintiff's discovery answers and deposition testimony do not support a claim against Mr. Gillespie as an individual.  Plaintiff can point to no action, other than Mr. Gillespie receiving a salary as TIGHAR's Executive Director, to demonstrate that Mr. Gillespie acted in

an individual capacity during the time period in which Plaintiff claims fraud or negligent misrepresentation occurred. There is simply no evidence to allow these claims to go forward.

DATED this 19th day of June, 2014.

RICHARD E. GILLESPIE,

By     /s/ Alaina M. Stedillie
         John A. Masterson  #5-2386
         Alaina M. Stedillie  #6-4327
         Lewis Roca Rothgerber LLP
         123 W. 1st Street, Suite 200
         Casper, WY  82601
         307-232-0222
         307-232-0077 fax
         jmasterson@lrrlaw.com
         astedillie@lrrlaw.com

         William J. Carter ISB#5295 *(Pro Hac Vice)*
         Dean & Carter, PLLC.
         1112 Main Street, #302
         Boise, Idaho 83702
         Phone: (208) 489-6004
         Fax: (208) 246-6363
         carter1@dean-carterlaw.com

         Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2014, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

Jeff Oven
Crowley Fleck PLLP
P.O. Box 2529
Billings MT  59103-2529
joven@crowleyfleck.com

Timothy Stubson
Crowley Fleck PLLP
152 N. Durbin, suite 220
Casper, WY  82601
tstubson@crowleyfleck.com

/s/
Lewis Roca Rothgerber, LLP

2004842908_1