# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 CV 118-S |
| ) | |
| THE INTERNATIONAL GROUP FOR ) | |
| HISTORIC AIRCRAFT RECOVERY, a ) | |
| Delaware non-profit corporation and ) | |
| RICHARD E. GILLESPIE, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF RICHARD E. GILLESPIE

I, Richard E. Gillespie, being first duly sworn, so hereby swear and affirm as follows.

1. I am one of the named Defendants in the above-captioned lawsuit, and am the Executive Director of the International Group for Historic Aircraft Recovery ("TIGHAR").

2. I am an adult, competent and capable of testifying, and make this Affidavit freely and voluntarily based upon my personal knowledge and belief, as well as upon information and belief accumulated during my involvement with TIGHAR.

3. If called to testify regarding the matters in this Affidavit, I would testify consistently with the contents of this Affidavit.

4. I am the founder of TIGHAR, and have served as its Executive Director since its founding in January, 1985. In my capacity as Executive Director of TIGHAR, I receive a salary for my experience and services, as well as certain job-related benefits, such as insurance.

5. I am familiar with, oversee and administer the day-to-day activities of TIGHAR. I have participated in all expeditions TIGHAR has made to the island of Nikumaroro, except for a brief, four-person expedition in 2003. I have participated in or otherwise become familiar on a first-hand basis with all the operations and investigations conducted by TIGHAR. These investigations include "The Earhart Project," which is TIGHAR's dedicated effort to determine what happened to Amelia Earhart and her navigator Fred Noonan when they disappeared in the South Pacific during their attempted around-the-world flight in the summer of 1937.

6. The investigation conducted as part of The Earhart Project include, but are not limited to, interviews with various individuals who occupied or visited the island of Nikumaroro

2004843150_1

around the time of the disappearance and after, the review of evidence found on the island at various times and locations, review of logs, diaries, notes, reports, correspondence and other communications connected directly and indirectly with the disappearance and the around-the-world attempt, as well as the search efforts conducted after the disappearance. Physical evidence, photographs and radio communications have also been reviewed and analyzed by me and by others on behalf of TIGHAR, and I am completely familiar with these efforts and competent to speak about them.

7. Over the course of years of investigation and research, TIGHAR has reached an operating theory regarding the disappearance of Ms. Earhart and Mr. Noonan. In brief summary, TIGHAR's theory is that Ms. Earhart and Mr. Noonan, running low on fuel and unable to locate their designated refueling point on Howland Island in the South Pacific, landed on the exposed reef at Gardner Island, now known as Nikumaroro. The theory continues that their plane subsequently was washed over the reef and into the deep ocean, and Ms. Earhart and Mr. Noonan ultimately perished on Nikumaroro of injuries sustained by them during landing or afterwards, starvation, dehydration or some combination of these three.

8. For over 20 years it has been my policy, and the policy of the Board of Directors of TIGHAR, that TIGHAR will announce the discovery of Earhart Wreckage or its belief that the mystery of the disappearance has been solved only when we find and positively identify conclusive, indisputable proof that recovered wreckage is that of the plane or DNA of Ms. Earhart or Mr. Noonan.

9. At all times relevant and material to the actions giving rise to Plaintiff's Complaint, I acted in my official capacity as Executive Director of TIGHAR. I took no action and made no statements relevant to such facts in my individual capacity.

10. At all times relevant and material to the actions giving rise to Plaintiff's Complaint, I never received any direct, individual financial or other benefit from Plaintiff in my individual capacity.

11. References in this lawsuit to the "Bevington Object" relate to an object appearing in a late 1937 photograph of Nikumaroro by an English Colonial Administrator who was surveying islands in the area, Eric Bevington.

12. The object was discovered in the photograph by Defendants and a photo analyst doing work for TIGHAR, Jeff Glickman, on or about April, 2010. The photograph was made public before the 2010 expedition, and while analysis of such photographs and objects can never be "complete," I published a research bulletin about it on the TIGHAR website on April 20, 2010, which may be found here:

http://tighar.org/Projects/Earhart/Archives/Research/Bulletins/58_NessieHypothesis/58_NessieHypothesis.htm

13. Analysis overseen by TIGHAR and performed with the assistance of TIGHAR is that the Bevington Object is consistent with landing gear from the missing Lockheed Electra. While its appearance is consistent with TIGHAR's theory, in my opinion it is not conclusive.

14. References in this lawsuit to the "Cook photo" or the "Cook photograph" relate to an underwater photograph taken near Nikumaroro on or about September 13, 2009. The photograph was not taken during a TIGHAR expedition, and was only discovered when a TIGHAR board member attended a presentation on coral reefs where the image was shown by the presenter, Craig Cook. This presentation took place on or about September 17, 2011.

15. After learning of the photograph, TIGHAR attempted for seven months to obtain permission to use and analyze the photograph. When permission was obtained, it included a non-disclosure agreement with TIGHAR, preventing TIGHAR from publishing or announcing the picture. The agreement precluded us from revealing the photograph or its existence to anyone, including the Plaintiff.

16. TIGHAR obtained the Cook photo on or about April 5, 2012, and subsequently had it reviewed and analyzed.

17. While Plaintiff apparently believes the Cook photo depicts Earhart Wreckage, TIGHAR's analysis and opinion is that the photograph does not depict anything of interest in our investigation into Earhart's disappearance.

**DATED** this _19th_ day of June, 2014.

Richard E. Gillespie

STATE OF PENNSYLVANIA  )
                       ) ss.
COUNTY OF CHESTER      )

Subscribed and sworn to before me this _19th_ day of June, 2014, by Richard E. Gillespie, whose identity was proven to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument, and who personally appeared before me and acknowledged that she executed it as her voluntary act and deed.

WITNESS my hand and official seal.

My Commission expires: _1/8/16_

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Courtney Messick Jayne, Notary Public
Colerain Twp., Lancaster County
My Commission Expires Jan. 8, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

2004843150_1