# EXHIBIT G

2004085089_1

**INTERROGATORY NO. 6**: Identify any Person with whom You have discussed any aspect of the Complaint or this lawsuit, stating in specific detail the nature of the Communication or Statement, its substance, and the date and time of the Statement of Communication.

**ANSWER**: Objection. The interrogatory is unduly vague and overly broad. Without waiving this objection, Plaintiff notes that he has spoken with scores of people about TIGHAR's communications with him in this matter. These discussions included electronic discussions on blogs as well as discussions with family, friends and acquaintances in the eighteen months since the expedition. It is impossible for the Plaintiff to identify each and every individual with whom he has had conversations.

_____
Timothy M. Stubson

**INTERROGATORY NO. 7**: State in specific detail the facts and circumstances surrounding Your Donation to TIGHAR. Your response should include a description of how You learned of TIGHAR and NIKU VII, Your motivation for Your Donation, any and all Statements or Communications You had with TIGHAR about the Donation, any Statements and Communications You had with any other Person about Your Donation, the date, time and substance of any such Communication or Statement, and the Identification of any such Person.

**ANSWER**: In March, 2012 Plaintiff saw an article in the Casper Star Tribune documenting Defendants efforts to discover the Earhart wreckage and discussing its anticipated expedition in the Summer of 2012. After seeing the article, Plaintiff called Ric Gillespie to speak to him about the expedition and to explore the possibility of supporting the next expedition. During the conversation Mr. Gillespie represented that the purpose of the expedition was to discover the Earhart wreckage. He also spoke about the cost of the expedition and spoke with Plaintiff about the possibility of Plaintiff supporting up to half of the expenses for the upcoming expedition.

**INTERROGATORY NO. 8**: State in specific detail the facts supporting the statement in Paragraph 18 of Your Complaint that Ric Gillespie met with You to "solicit contributions." Your response should include the date, time and location of such meeting and any and all Statements made by and Communications You had with Ric Gillespie or any other Person regarding such "solicitations."

**ANSWER**: Plaintiff believes that he met once with Mr. Gillespie after the initial phone conference and before making his contribution. The parties met at Legal Sea Food in Warwick, Rhode Island where Mr. Gillespie further explained TIGHAR's efforts to discover Earhart artifacts and his need for funding for the upcoming expedition.

**INTERROGATORY NO. 9**: State in specific detail the facts supporting the statement in Paragraphs 21 and 33 of Your Complaint that "Mr. Gillespie represented that the wreckage has not been found" and that the "search for the Earhart aircraft was unsuccessful." Your response should include any and all Statements and Communications You had with Ric Gillespie or any other Person regarding such "representations."

**ANSWER:** Mr. Gillespie made clear in every conversation with the Plaintiff that the purpose of the 2012 expedition was to discover the Earhart wreckage. At no time did he indicate that the wreckage has previously been located.

**INTERROGATORY NO. 10:** State in specific detail the facts supporting the statement in Paragraph 27 of Your Complaint that "TIGHAR knowingly and intentionally misrepresented the status of its exploration and investigation into the Earhart aircraft to Mellon." Your response should include any and all Statements and Communications You had with TIGHAR or any other Person regarding such "misrepresentations."

**ANSWER:** See responses to Interrogatories 7, 8 and 9.

**INTERROGATORY NO. 11:** State in precise detail the facts supporting the statement in Paragraph 28 of Your Complaint that You "reasonably relied" upon the "representations" of TIGHAR in making Your Donation. Your response should include any Statements and Communications You had with TIGHAR supporting such "reasonable reliance" and what steps You took to confirm, verify and/or investigate such "representations."

**ANSWER:** Please refer to Interrogatory No. 4.

**INTERROGATORY NO. 12:** State in specific detail each and every action, inquiry and/or affirmative step You took to confirm, verify and/or investigate Defendants, including their history, background and their Communications and Statements and "representations" before making Your Donation.

**ANSWER:** Plaintiff took no actions to investigate Defendants' history or background but instead believed Defendants to be truthful and believed that they would not misrepresent matters to him.

**INTERROGATORY NO. 13:** Identify any individual or entity You believe assisted, cooperated, allowed, permitted, aided, participated in or conspired with Defendants to commit Fraud as You allege in Your Complaint, and state in precise detail all facts, evidence, Communications and Statements of which You are aware that support such belief.

**ANSWER:** TIGHAR and Ric Gillespie cooperated together.

**INTERROGATORY NO. 14:** Identify any individual or entity You believe assisted, cooperated, allowed, permitted, aided, participated in or conspired with Defendants to the Negligent Misrepresentations as You allege in Your Complaint, and state in precise detail all facts, evidence, Communications and Statements of which You are aware that support such belief.

**ANSWER:** See answer to Interrogatory No. 13.

**INTERROGATORY NO. 15:** State in precise detail all facts, evidence, Communications and Statements supporting the claim in Paragraph 37 of Your Complaint that "TIGHAR failed to exercise reasonable care and competence in the review of information obtained from its prior expeditions which demonstrated the representations made by TIGHAR to be false."