Timothy Stubson, Bar No. 6-3144
Jeff Oven, Bar No. 6-3371
CROWLEY FLECK PLLP
152 N. Durbin, Suite 220
Casper, WY 82601
Telephone: (307) 265-2279
Facsimile: (307) 265-2307
tstubson@crowleyfleck.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, ) | |
| ) | |
| Plaintiff, ) | Cause No.:  13 CV 118-S |
| vs. ) | |
| ) | |
| THE INTERNATIONAL GROUP FOR ) | |
| HISTORIC AIRCRAFT RECOVERY,  a ) | |
| Delaware non-profit corporation and ) | |
| RICHARD E. GILLESPIE, ) | |
| ) | |
| Defendants. ) | |

## **TIMOTHY MELLON'S MOTION IN LIMINE AND BRIEF IN SUPPORT**

COMES NOW, Plaintiff, Timothy Mellon, by and through his counsel of record, Crowley Fleck, PLLP, and respectfully submits his *Motion in Limine and Brief in Support* pertaining to any evidence, recitation, suggestion or testimony regarding the financial status of Mr. Mellon.

In support of his Motion, Mr. Mellon submits the following argument.

## **ARGUMENT**

*Motions in limine* are recognized as an element of a court's inherent authority to manage trials and minimize avoidable delay. *See Luce v. United States,* 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984). "A trial judge has a duty to limit the jury's exposure to only that

which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant. In order to fulfill this duty, the court may utilize a number of vehicles, including the use of an in limine order." *United States v. Romano,* 849 F.2d 812, 815 (3d Cir. 1988).

Under the Federal Rules of Evidence, evidence which is not relevant is inadmissible. *Fed. R. Evid. 402*. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Fed. R. Evid. 401*. In addition, a court may exclude relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Fed. R. Evid. 403*.

During the course of discovery, Defendant inquired into the extent of Mr. Mellon's net worth as well as his annual income. The Court should exclude any evidence, testimony, suggestion, or recitation regarding Mr. Mellon's wealth or pecuniary condition. The financial condition or status of Mr. Mellon is properly excluded as it is wholly irrelevant to any issue before the court in this matter, and raises the risk of prejudice to Mr. Mellon in recovering damages from the defendants. *Fed. R. Evid. 402, 403*.

This is an action for fraud and negligent misrepresentation involving defendant's representations to Mr. Mellon. The facts of consequence in this matter involve those surrounding what the defendants knew, or should have known, and what was communicated to Mr. Mellon. The financial condition of Mr. Mellon has no bearing one way or another on these facts, and is, thus, irrelevant. *Fed. R. Evid. 401*.

Even if evidence concerning the financial condition of Mr. Mellon is in some way relevant to the consequential facts of this case, it should still be excluded due to the danger of

unfair prejudice.  As a general rule, it is error to admit evidence of financial condition unless necessary to determine damages. *Whitely v. OKC Corp.,* 719 F.2d 1051, 1055 (10th Cir. 1983) (citing *Blankenship v. Rowntree,* 219 F.2d 597, 598 (10th Cir. 1955)).  "The underlying reason for the rule is that such evidence tends to inject into the case a foreign, diverting, and distracting issue which may effectuate prejudicial results." *Blankenship v. Rowntree,* 219 F.2d 597, 598 (10th Cir. 1955).  Accordingly, under Tenth Circuit law, evidence of financial condition is only proper in connection with punitive damages. *Whitely,* 719 F. 2d at 1055.

Allowing evidence of Mr. Mellon's wealth would only serve to distract the jury from the issues, potentially alienate Mr. Mellon, and possibly influence the jury to decide this case on a basis other than the merits of the case.  All of this, in light of the fact that the evidence would have little to no probative value, suggests that the danger of the unfair prejudice substantially outweighs the probative value.  More importantly, though, because there is no action for punitive damages against Mr. Mellon, there is no precedent for admitting evidence of his financial condition.  As a result, the general rule that evidence of financial condition is inadmissible due to the danger of prejudice applies in this case, and the evidence is properly excluded.

In light of its irrelevance and the Tenth Circuit's precedent to exclude such evidence, the Court should prohibit entry or admission of any evidence, testimony, recitation or suggestion regarding Mr. Mellon's financial condition.  The Court should further prohibit any mention, suggestion or reference to Mr. Mellon's financial condition in opening and closing statements.

WHEREFORE, for the above reasons, Timothy Mellon respectfully requests the Court grant his motion *in limine* and precluding testimony or evidence as set forth above.

DATED this 17th day of July, 2014.

        By:/s/Timothy M. Stubson
        TIMOTHY M. STUBSON # 6-3144
        Crowley Fleck, PLLP
        152 North Durbin Street, Suite 220
        Casper, WY 82601-7009
        (307) 265-2279
        Attorneys for Plaintiff First Interstate Bank

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct of the foregoing document was served by United States mail, postage prepaid, this 17th day of July, 2014 addressed to the following:

    John A. Masterson #5-2386
    Alaina M. Stedillie #6-4327
    Lewis Roca Rothgerber, LLP
    123 W. 1st Street, Suite 200
    Casper, WY 82601

        /s/Timothy M. Stubson
        Timothy M. Stubson