John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Lewis Roca Rothgerber LLP
123 W. 1st Street, Suite 200
Casper, WY  82601
307-232-0222
307-232-0077 fax
jmasterson@lrrlaw.com
astedillie@lrrlaw.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter1@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 CV 118-S |
| THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY, a Delaware non-profit corporation and RICHARD E. GILLESPIE, | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION IN LIMINE AS TO ANY EVIDENCE OR ARGUMENTS REGARDING "SASQUATCH"

COME NOW Defendants The International Group for Historic Aircraft Recovery ("TIGHAR") and Richard E. Gillespie (collectively "Defendants") by and through their undersigned counsel John A. Masterson and Alaina M. Stedillie of Lewis Roca Rothgerber, LLP

and William J. Carter of Dean & Carter, PLLC, and submit this *Motion in Limine as to Any Evidence or Arguments Regarding "Sasquatch."* Pursuant to U.S.D.C.L.R. 7.1(b)(1)(A), the undersigned affirm that they have conferred with opposing counsel before filing this Motion. All counsel met in good faith, and in person, to discuss motions in limine, but no compromise could be reached.

Defendants realize that the title of this Motion is odd; so are the facts surrounding its purpose. Regardless, Defendants believe it is necessary to file.

Jeff Glickman has been disclosed by Defendants as a prospective witness. Mr. Glickman analyzed the video footage of the 2010 expedition. He is a volunteer for TIGHAR, and he has a background in forensic and historical analysis of photographs. One of Mr. Glickman's past forensic analyses, completely unrelated to TIGHAR or the issues in this case, was of the 1967 "Patterson Film," which depicts what, to some, appears to be conclusive evidence that Sasquatch had been found strolling through the woods in broad daylight. Mr. Glickman was asked to analyze the film and prepare a report, which he did in 1998. This report is available to the public on the Internet. Importantly, it makes no ultimate finding that the figure in the film is Sasquatch, but instead states that at the time of his analysis, and within the bounds of forensic science, he could not make ultimate conclusions about the authenticity of the film or the figure depicted therein.

If called, it is the Defendants' belief that the Plaintiff will attempt to use this remote, irrelevant, unrelated, and inconclusive report in an attempt to discredit Mr. Glickman's forensic analysis skills. Defendants hold this belief based on statements Plaintiff has made on the TIGHAR forum referencing the Patterson Film, because Plaintiff wore a homemade hat to his

deposition with the words "Gone Squatchin'" across the front, and because Plaintiff signed some forum posts using his name along with the phrase "Gone Squatchin'." Pl. depo. pp. 124-25.[1]

Federal Rule of Evidence 401 governs whether evidence is relevant. To be relevant, evidence must have "any tendency to make a fact more or less probable than it would be without the evidence," and the fact must be of "consequence in determining the action." F.R.E. 401(a) & (b). If an item is relevant, it is generally admissible. F.R.E. 402. However, as in this case, if the probative value of evidence is substantially outweighed by other considerations, otherwise relevant evidence may be excluded. F.R.E. 403. These factors include unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.*

In the case of Mr. Glickman's involvement 16 years ago with providing a forensic evaluation of a film, any evidence concerning that involvement is certainly irrelevant. It is unrelated to the instant case, it is remote in time, it has no consequence in determining the action, and it does not have the tendency to make any fact in the case more or less probable than it would be if evidence of his prior forensic evaluation were not presented to the jury. This past analysis, which was performed according to the scientific method and established standards in forensic analysis, has no bearing on whether Mr. Glickman's analysis of the 2010 footage is accurate, let alone whether Defendants discovered Ms. Earhart's plane and hid it from the world or failed to discover it in the 2010 footage. Even if this information were relevant, any reference or mention by Plaintiff of anything involving Sasquatch, Big Foot or any other mythical woodland creature would be highly prejudicial to the Defendants, not to mention confusing to the jury and a waste of time for all involved in this case.

---

[1] Plaintiff's deposition excerpt is attached hereto as Exhibit A.

WHEREFORE, Defendants respectfully request that this Court enter and Order directing Plaintiff to not provide any testimony or evidence of the 1967 Patterson Film or Mr. Glickman's forensic evaluation of it, or Plaintiff's catch phrase "Gone Squatchin'" in any way, and for any other and further relief as this Court deems appropriate.

DATED this 17th day of July, 2014.

> THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY and RICHARD E. GILLESPIE
>
> By          /s/
> John A. Masterson #5-2386
> Alaina M. Stedillie #6-4327
> Lewis Roca Rothgerber LLP
> 123 W. 1st Street, Suite 200
> Casper, WY 82601
> 307-232-0222
> 307-232-0077 fax
> jmasterson@lrrlaw.com
> astedillie@lrrlaw.com
>
> William J. Carter ISB#5295 *(Pro Hac Vice)*
> Dean & Carter, PLLC.
> 1112 Main Street, #302
> Boise, Idaho 83702
> Phone: (208) 489-6004
> Fax: (208) 246-6363
> carter1@dean-carterlaw.com
>
> Counsel for Defendants

2004889008_1

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

Jeff Oven
Crowley Fleck PLLP
P.O. Box 2529
Billings MT  59103-2529
joven@crowleyfleck.com

Timothy Stubson
Crowley Fleck PLLP
152 N. Durbin, suite 220
Casper, WY  82601
tstubson@crowleyfleck.com

                         /s/
                  Lewis Roca Rothgerber LLP