John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Lewis Roca Rothgerber LLP
123 W. 1st Street, Suite 200
Casper, WY 82601
307-232-0222
307-232-0077 fax
jmasterson@lrrlaw.com
astedillie@lrrlaw.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter1@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 CV 118-S |
| | ) | |
| THE INTERNATIONAL GROUP FOR | ) | |
| HISTORIC AIRCRAFT RECOVERY, a | ) | |
| Delaware non-profit corporation and | ) | |
| RICHARD E. GILLESPIE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION IN LIMINE AS TO TESTIMONY CONCERNING CONCLUSIVE FACT OF DISCOVERY OF EARHART'S PLANE

COME NOW Defendants The International Group for Historic Aircraft Recovery ("TIGHAR") and Richard E. Gillespie (collectively "Defendants") by and through their undersigned counsel John A. Masterson and Alaina M. Stedillie of Lewis Roca Rothgerber, LLP

2004889013_1

and William J. Carter of Dean & Carter, PLLC, and submit this *Motion in Limine as to Testimony Concerning Conclusive Fact of Discovery of Earhart's Plane*.   Pursuant to U.S.D.C.L.R. 7.1(b)(1)(A), the undersigned affirm that they have conferred with opposing counsel before filing this Motion.  All counsel met in good faith, and in person, to discuss motions in limine, but no compromise could be reached.

The issue raised in this Motion is central to the case before the Court.  From the pleadings, as well as information gathered through discovery, it appears to Defendants that Plaintiff is attempting to prove his claims of fraud and negligent misrepresentation by assuming that Ms. Earhart's plane is *definitively* off the coast of Nikumaroro, that TIGHAR discovered it in 2010, and either did not know it had done so or had willingly hid the discovery from the Plaintiff and the world.  As support for his claim of the presence of Earhart's plane, Plaintiff argues that objects depicted in the 2010 footage provide conclusive proof that the plane's location has been definitively established.  In order to determine whether Plaintiff can meet his burden of proof for his claims of fraud and negligent misrepresentation, Plaintiff must first establish that Ms. Earhart's plane, *and nothing else*, is visible in the 2010 video footage.  However, Plaintiff has provided no conclusive evidence, let alone clear and convincing evidence, that Ms. Earhart's plane and her remains are where he claims them to be.

Determining whether Ms. Earhart's plane is where Plaintiff believes it to be is not an issue of a difference of opinions between Plaintiff and Defendants.  Instead, it is a conclusive fact, a binary decision:  the plane is either there, or it isn't.  Without determining whether or not the plane is actually there, the questions of whether Defendants knew or should have known that they discovered the plane cannot be answered, let alone proved by clear and convincing evidence or a preponderance of the evidence, respectively.  The only way to answer this question is to

2004889013_1

retrieve and analyze these objects for positive identification. Kaufmann depo. p. 47.[1]  Without completing this task, Plaintiff's expert opinions are just that – opinions that are qualified by words like "consistent with" and "likely."

The question of whether Earhart's plane is depicted in the 2010 footage is an objectively determinable fact that is subject to proof that the Plaintiff has not provided, and indeed may not be able to provide.   Les Kaufmann, one of Defendants' expert witnesses, testified in his deposition that the only way to conclusively prove whether anything seen in the 2010 video and opined by Mellon to be part of the wreckage is to bring it to the surface, x-ray it, and dissolve away the carbonate material around it. *Id.*  In short, a person must possess a certain level of expertise before being able to conclude that a shape seen on underwater footage is part of a specific airplane, a fact that Plaintiff readily admits. Pl. depo. pp. 59, 80, 112.[2]  Kaufmann's testimony is not countered by any of Plaintiff's experts.  Indeed, Plaintiff's experts themselves do not provide conclusive evidence that the airplane is depicted in the 2010 footage.  They are only able to state that objects identified by Plaintiff, in footage that has not been subject to a measurement scale, are "consistent with" parts of a Lockheed Electra aircraft.  The experts never say that these parts actually are a part of the aircraft or that the aircraft is located where Plaintiff opines it to be.  Furthermore, they certainly do not say that the human remains of Ms. Earhart and Mr. Noonan are visible anywhere in the footage, nor do they comment on the presence of an ale can, letters with postage stamps, toilet paper rolls, or anything else Plaintiff alleges is present in the waters surrounding the island, even though Plaintiff continues to maintain that he sees said remains. Pl. depo. pp. 41-42, 78-79, 130-35, 139.

---

[1] Mr. Kaufmann's deposition excerpts are attached hereto as Exhibit A.  While pages are not cited chronologically in this Motion, they are arranged chronologically in the Exhibit.
[2] Plaintiff's deposition excerpts are attached hereto as Exhibit B. .  While pages are not cited chronologically in this Motion, they are arranged chronologically in the Exhibit.

2004889013_1

Additionally, the experts themselves state that they have not explored other explanations for the shapes, only going so far to say that the shapes they analyzed are inconsistent with the S.S. Norwich City wreckage. Jarrell & Forrester Rep. p. 3.[3] This apparent lack of consistency with a shipwreck is not proof that the images in the 2010 video are what Plaintiff professes to see or that the plane is located where Plaintiff believes it is. These opinions also do not discount Mr. Kaufmann's deposition testimony that both the island and the surrounding waters are littered with man-made objects of a variety of sorts and origins. Plaintiff himself does not even acknowledge that additional examination is required before anyone, especially any prudent expert, can conclude with any level of certainty that the aircraft has been found. Plaintiff testified that, based on his own opinion alone, the aircraft and human remains are where he says they are, and no further analysis is required. Pl. depo. pp. 14, 68, 114-16, 146, 159.

Without actual evidence, other than his own opinion, that the Earhart aircraft is actually submerged off the island, Plaintiff cannot prove by clear and convincing evidence that the Defendants knew they had discovered her plane and lied to him in order to encourage him to make a donation. Without actual evidence, other than his own opinion, that the Earhart aircraft is actually submerged off the island, Plaintiff cannot prove by a preponderance of the evidence that the Defendants should have known that they had discovered her plane after reviewing the 2010 footage. Plaintiff simply does not have this evidence. He only has his own opinion, which is not conclusive or relevant, as he is attempting to equate some kind of man-made object with an airplane, and then making a leap to equate an airplane with Earhart wreckage; given his lack of scientific training or expertise in this area, this opinion is of little use to a jury and should be excluded pursuant to F.R.E. 401, 403, and 701(c).

---

[3] This report is in the record as Exhibit A to Document 37.

2004889013_1

Plaintiff does offer expert opinions to support his claims, however none of the experts he designated can testify conclusively that Ms. Earhart's plane and human remains are located off the island, instead merely opining that they "might" be.  When considering these opinions, it is important to remember that this island was inhabited for decades after Ms. Earhart's disappearance, is located in an area that saw several sea-to-air battles during World War II, is the home of a 1929 shipwreck (S.S. Norwich City), which occurred before Earhart's disappearance, and is covered by and surrounded with man-made debris of all kinds and shapes. Kaufmann depo. pp. 27, 52-53.  As such, Plaintiff's experts' opinions do not meet the standards set forth in F.R.E. 702(a) and (b); the experts' knowledge does not help the trier of fact to understand the evidence or, more importantly, determine a fact in issue, nor is the testimony based on sufficient facts or data.

With these opinions in mind, Defendants ask that this Court not allow any testimony claiming that Ms. Earhart's plane is, as a matter of fact, located on or near the island, as Plaintiff has provided no proof whatsoever that any aircraft or human debris is located where he claims. Furthermore, Defendants ask that this Court hold, as a matter of law, that without conclusive proof that the airplane is where Plaintiff argues it is, he cannot prove his claims for fraud or negligent misrepresentation.

DATED this 17th day of July, 2014.

THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY and RICHARD E. GILLESPIE

By        /s/

John A. Masterson  #5-2386
Alaina M. Stedillie  #6-4327
Lewis Roca Rothgerber LLP
123 W. 1st Street, Suite 200
Casper, WY  82601
307-232-0222
307-232-0077 fax
jmasterson@lrrlaw.com
astedillie@lrrlaw.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter1@dean-carterlaw.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

Jeff Oven
Crowley Fleck PLLP
P.O. Box 2529
Billings MT  59103-2529
joven@crowleyfleck.com

Timothy Stubson
Crowley Fleck PLLP
152 N. Durbin, suite 220
Casper, WY  82601
tstubson@crowleyfleck.com

       /s/

Lewis Roca Rothgerber LLP

2004889013_1