John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Lewis Roca Rothgerber LLP
123 W. 1st Street, Suite 200
Casper, WY 82601
307-232-0222
307-232-0077 fax
jmasterson@lrrlaw.com
astedillie@lrrlaw.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter1@dean-carterlaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 CV 118-S |
| | ) | |
| THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY, a Delaware non-profit corporation and RICHARD E. GILLESPIE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE AS TO EVIDENCE FROM AFTER THE DATE OF PLAINTIFF'S DONATION

COME NOW Defendants The International Group for Historic Aircraft Recovery ("TIGHAR") and Richard E. Gillespie (collectively "Defendants") by and through their undersigned counsel John A. Masterson and Alaina M. Stedillie of Lewis Roca Rothgerber, LLP

2004889040_1

and William J. Carter of Dean & Carter, PLLC, and submit this *Motion in Limine as to Evidence from After the Date of Plaintiff's Donation*.

Pursuant to U.S.D.C.L.R. 7.1(b)(1)(A), the undersigned affirm that they have conferred with opposing counsel before filing this Motion. All counsel met in good faith, and in person, to discuss Motions in Limine, but no compromise could be reached.

The issue raised by this *Motion* is simple and straightforward: Pending a resolution of two remaining *Motions for Summary Judgment* filed by Defendants, Plaintiff has two claims remaining: fraud and negligent misrepresentation. Both of these claims concern the actions, inactions, or knowledge of the Defendants *before* Plaintiff made his donation in March 2012. Of course, this means the actions Plaintiff alleges Defendants took would have been taken prior before any video from the July 2012 expedition was made or available to anyone. Plaintiff has alleged two mutually exclusive theories: 1) Defendants found the plane in 2010 and lied about it (fraud), or 2) Defendants should have found the plane based on the 2010 footage but did not (negligent misrepresentation).[1] Necessarily, then, any fraud or negligent misrepresentation was completed by the time the object of the Defendants' acts or omissions (Plaintiff's donation) was accomplished. Therefore, no evidence uncovered or events that occurred beyond the date of the March 2012 donation are relevant to the fraud claim.

Federal Rule of Evidence 401 governs whether evidence is relevant. To be relevant, evidence must have "any tendency to make a fact more or less probable than it would be without the evidence," and the fact must be of "consequence in determining the action." F.R.E. 401(a) & (b). If an item is relevant, it is generally admissible. F.R.E. 402. However, as in this case, if the probative value of evidence is substantially outweighed by other considerations, otherwise

---

[1] There is a potential third theory that flows from negligent misrepresentation, which is that the Defendants knew they had found the plane, but somehow miscommunicated that fact to Plaintiff prior to his donation. It is unclear as of the date of this *Motion* exactly what Plaintiff claims constitutes negligent misrepresentation.

relevant evidence may be excluded. F.R.E. 403. These factors include unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.*

Specifically in this case, evidence of any event or information discovered after the Plaintiff made his donation is irrelevant. All of the acts or omissions Plaintiff accused Defendants of committing occurred *prior* to his donation: For his claim of fraud, Plaintiff argues that the Defendants knew they had discovered Ms. Earhart's plane during their 2010 expedition, and they intentionally failed to provide him with that information in hopes of being enriched by his donation. As to his claim for negligent misrepresentation, Plaintiff claims that the Defendants should have known they discovered the airplane but didn't, or, alternatively, that they knew they discovered the airplane and somehow negligently miscommunicated the status of the search to the Plaintiff. No allegations pertinent to these two claims for relief occurred after the Plaintiff made his donation. Therefore, no information discovered or actions or omissions performed after the date of the donation, including conclusions in expert reports, make any of the allegations of fraud or negligent misrepresentation more or less probable than they would be without post-donation evidence, nor are they of consequence in determining the action. They are therefore irrelevant.

Previously, this Court dismissed the Plaintiff's claim that the Defendants were negligent in their operation of the 2012 expedition, holding that there was no legal support for Plaintiff's claim that Defendants owed him some kind of duty during that expedition. If this Court extends that same analysis, anything that occurred after March 2012 is irrelevant when determining what the Defendants knew or should have known in 2010, including any footage of the 2012 expedition that was reviewed by Plaintiff's experts. Additionally, if Plaintiff's argument is that the Defendants were negligent in how they performed their 2010 expedition, this Court's prior

ruling on the 12(b)(6) motion as to negligence would apply; there is no duty to a donor, let alone a person who was unknown to Defendants until two years after the expedition in question concluded, to perform a search in a specific way that this unknown future donor would find sufficient.

Alternatively, if Plaintiff is arguing that Defendants conducted the expedition properly, but failed to see what he saw, the Plaintiff is, in essence, stating that the Defendants committed negligent misrepresentation by failing to announce a discovery that they did not believe they had made. Finally, if Plaintiff is arguing that Defendants conducted the expedition properly and knew they had discovered the airplane, in order to succeed in his claim of negligent misrepresentation (as opposed to fraud) the Plaintiff must show that Defendants simply failed to properly communicate information about the discovery to him prior to his donation. Under any of these scenarios, no evidence from after the date of the donation is relevant.

The questions for the jury are whether, *at the time of the donation*, the Plaintiff was provided with false information, either knowingly or negligently, and whether the Defendants knew or should have known that the footage from the 2010 expedition depicted Ms. Earhart's plane. Based on these questions, the only evidence that is relevant is the 2010 footage itself, TIGHAR'S actions and analysis *prior* to the donation, and conversations between Defendants and Plaintiff *prior* to and including the date of his donation. Anything said or discovered after the donation date, regardless of who said or discovered it, is inconsequential and irrelevant.

Plaintiff did not have the benefit, if any exists, of viewing the 2012 footage when he made his donation; he was limited to the 2010 footage that was available on the internet and cannot argue that the 2012 footage influenced him in making his decision to donate. Further, by referring to different sets of footage taken two years apart, there is a high probability that the jury

4 of 7

2004889040_1

will be confused as to who viewed which evidence and when. Both this undue prejudice and confusion of the issues will mislead the jury and will harm the Defendants.

The Defendants will also be unduly prejudiced, and the jury will likely be confused, if Plaintiff's expert reports or opinions are allowed to be introduced based on influence from the 2012 footage. As stated above, since Plaintiff could not have been influenced by the 2012 footage at the time of his donation, neither can his experts use that footage to form their opinions. Plaintiff's experts had the benefit of contemporaneous review of the 2010 and 2012 footage, a circumstance that taints their ability to provide relevant conclusions. Further compromised is their ability to opine about what the Defendants "knew" prior to the date of Plaintiff's donation, as they have reviewed footage that was not available to the Defendants prior to the donation.

However, if this Court believes Plaintiff's expert reports are relevant, any benefit of their conclusions is substantially outweighed by those factors set forth in F.R.E. 403. Specifically, the information found therein will lead to unfair prejudice and confusion of the issues, both of which will mislead the jury. The experts were able to review the 2012 footage when they were asked to form opinions about what might have been seen in the 2010 footage, and indeed specifically referenced the later footage in their reports. To allow such information to be presented to the jury is unfairly prejudicial to Defendants, as there is no way to "unring the bell" of the influence of the 2012 footage on Plaintiff's experts. Since it is impossible to separate the experts' opinions of the 2010 footage from the influence of the 2012 footage, the jury is likely to be confused and unable to discern whether the Plaintiff's experts were or were not influenced by viewing the 2012 footage. Finally, the Plaintiff's experts have no way of knowing what the Defendants knew in 2010, so their findings are irrelevant as to fraud and negligent misrepresentation, once again fostering confusion and prejudice.

WHEREFORE, Defendants TIGHAR and Mr. Gillespie respectfully request that this Court enter an Order precluding the introduction of evidence of, argument or questions about, or reference to any acts, omissions, or statements that were performed, or any evidence that was found, after the date of Mr. Mellon's donation.

DATED this 17th day of July, 2014.

THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY and RICHARD E. GILLESPIE

By  /s/
John A. Masterson #5-2386
Alaina M. Stedillie #6-4327
Lewis Roca Rothgerber LLP
123 W. 1st Street, Suite 200
Casper, WY 82601
307-232-0222
307-232-0077 fax
jmasterson@lrrlaw.com
astedillie@lrrlaw.com

William J. Carter ISB#5295 *(Pro Hac Vice)*
Dean & Carter, PLLC.
1112 Main Street, #302
Boise, Idaho 83702
Phone: (208) 489-6004
Fax: (208) 246-6363
carter1@dean-carterlaw.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, a true and correct copy of the foregoing was electronically served upon all parties registered as CM/ECF users in this case via the Court's CM/ECF electronic mail service including the following:

Jeff Oven
Crowley Fleck PLLP
P.O. Box 2529
Billings MT  59103-2529
joven@crowleyfleck.com

Timothy Stubson
Crowley Fleck PLLP
152 N. Durbin, suite 220
Casper, WY  82601
tstubson@crowleyfleck.com

         /s/
      Lewis Roca Rothgerber LLP