APPEAL,TERMED

# U.S. District Court
## District of Wyoming (Casper)
## CIVIL DOCKET FOR CASE #: 1:13–cv–00118–SWS
### *Internal Use Only*

| | |
|---|---|
| Mellon v. The International Group for Historic Aircraft Recovery et al | Date Filed: 06/03/2013 |
| Assigned to: Honorable Scott W Skavdahl | Date Terminated: 07/25/2014 |
| Referred to: Honorable Mark L Carman | Jury Demand: Plaintiff |
| Demand: $1,000,000 | Nature of Suit: 470 Racketeer/Corrupt Organization |
| Cause: 18:1961 Racketeering (RICO) Act | Jurisdiction: Federal Question |

**Plaintiff**

**Timothy Mellon**
*a Wyoming resident*

represented by **Jeffery James Oven**
CROWLEY FLECK
490 North 31st Street, Suite 500
P O Box 2529
Billings, MT 59103–2529
406/252–3441
Fax: 406/252–5292
Email: joven@crowleyfleck.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Michael Stubson**
CROWLEY FLECK
152 North Durbin, Suite 220
Casper, WY 82601
307/265–2279
Email: tstubson@crowleyfleck.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The International Group for Historic Aircraft Recovery**
*a Delaware non–profit corporation*

represented by **Alaina Marie Stedillie**
LEWIS ROCA ROTHGERBER LLP
123 West 1st Street
Suite 200
Casper, WY 82601–2480
307/232–0222
Fax: 307/232–0077
Email: astedillie@lrrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A Masterson**

1

LEWIS ROCA ROTHGERBER LLP
123 West 1st Street
Suite 200
Casper, WY 82601–2480
307/232–0222
Fax: 307/232–0077
Email: jmasterson@lrrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J Carter**
DEAN &CARTER, PLLC
1112 Main St., #302
Boise, ID 83702
(208)869–3665
Fax: (208)246–6363
Email: carter@dean–carterlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Richard E Gillespie** | represented by |

**Alaina Marie Stedillie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A Masterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J Carter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/03/2013 | 1 | | COMPLAINT (2 summonses issued) with Jury Demand ( Filing fee $400 receipt #CAS1066.), filed by Timothy Mellon. (Consent to proceed before a United States Magistrate Judge emailed to Counsel) (Attachments: # 1 Civil Cover Sheet) (Court Staff, stbd) (Entered: 06/03/2013) |
| 06/03/2013 | 2 | | DEMAND for Trial by Jury filed by Plaintiff Timothy Mellon. (Court Staff, stbd) (Entered: 06/03/2013) |
| 06/03/2013 | 3 | | NOTICE of complexity by Plaintiff Timothy Mellon ; this case is non–complex. (Court Staff, stbd) (Entered: 06/03/2013) |
| 06/12/2013 | 4 | | ORDER OF REASSIGNMENT OF REFERRAL ROLE. Case reassigned to Honorable Mark L Carman for all further proceedings; Honorable Kelly H Rankin no longer assigned to case by the Honorable Honorable Scott W |

| | | | Skavdahl.(Court Staff, stbd) (Entered: 06/13/2013) |
|---|---|---|---|
| 06/24/2013 | 5 | | SUMMONS Returned Executed by Timothy Mellon. Richard E Gillespie served on 6/11/2013, answer due on 7/2/2013 (Stubson, Timothy) (Entered: 06/24/2013) |
| 06/24/2013 | 6 | | SUMMONS Returned Executed by Timothy Mellon. The International Group for Historic Aircraft Recovery served on 6/11/2013, answer due on 7/2/2013 (Stubson, Timothy) (Entered: 06/24/2013) |
| 06/26/2013 | 7 | | NOTICE of Attorney Appearance by John Masterson on behalf of The International Group for Historic Aircraft Recovery and Richard Gillespie (Stedillie, Alaina) Modified text and notified Counsel as to filing on 6/27/2013 (Court Staff, stbd). (Entered: 06/26/2013) |
| 06/26/2013 | 8 | | MOTION REFERRED TO Judge Mark L Carman. MOTION for William J. Carter to appear pro hac vice; Check not tendered; filed by Defendant The International Group for Historic Aircraft Recovery and Richard Gillespie. (Attachments: # 1 Affidavit of William J. Carter, # 2 Proposed Order)(Stedillie, Alaina) Modified text on 6/27/2013 (Court Staff, stbd). (Entered: 06/26/2013) |
| 06/26/2013 | 9 | | NOTICE of Attorney Appearance by Alaina Marie Stedillie on behalf of The International Group for Historic Aircraft Recovery and Richard Gillespie (Stedillie, Alaina) Modified text on 6/27/2013 (Court Staff, stbd). (Entered: 06/26/2013) |
| 07/03/2013 | 10 | | ORDER by the Honorable Mark L Carman granting 8 Motion to appear pro hac vice admitting William J Carter for Richard E Gillespie,William J Carter for The International Group for Historic Aircraft Recovery (Court Staff, ska) (Entered: 07/03/2013) |
| 07/09/2013 | 11 | | MOTION REFERRED TO Judge Mark L Carman. Stipulated MOTION for Extension of Time (Non–Dispositive) filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: # 1 Proposed Order)(Masterson, John) (Entered: 07/09/2013) |
| 07/10/2013 | 12 | | (TEXT–ONLY) ORDER by the Honorable Mark L Carman granting 11 Motion for Extension of Time for Defendants to answer the complaint until July 22, 2013. (Carman, Mark) (Entered: 07/10/2013) |
| 07/10/2013 | | | Set/Reset Deadlines: Richard E Gillespie answer due 7/22/2013; The International Group for Historic Aircraft Recovery answer due 7/22/2013. (Court Staff, stbd) (Entered: 07/10/2013) |
| 07/22/2013 | 13 | | MOTION to Dismiss Case, filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 07/22/2013) |
| 07/22/2013 | 14 | | MEMORANDUM in Support of 13 Motion to Dismiss Case filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 07/22/2013) |
| 07/22/2013 | 15 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW re 13 Motion to Dismiss Case, 14 Memorandum in Support of Motion by Defendants Richard E Gillespie, The International Group for Historic Aircraft |

| | | | |
|---|---|---|---|
| | | | Recovery filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 07/22/2013) |
| 07/22/2013 | 16 | | MOTION to Dismiss Case, filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: # 1 Proposed Order)(Masterson, John) (Entered: 07/22/2013) |
| 07/23/2013 | 17 | | NOTICE of Hearing on 16 MOTION to Dismiss Case, **Motion Hearing set for 8/20/2013 08:15 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** (Court Staff, stbd) (Entered: 07/23/2013) |
| 07/29/2013 | 18 | | Stipulated MOTION for Extension of Time (Dispositive) *to Respond Motion to Dismiss* filed by Plaintiff Timothy Mellon. (Attachments: # 1 Proposed Order)(Stubson, Timothy) (Entered: 07/29/2013) |
| 07/29/2013 | 19 | | (TEXT–ONLY) ORDER by the Honorable Scott W Skavdahl GRANTING Plaintiff's 18 Motion for Extension of Time to Respond to Defendant's Motion to Dismiss to August 15, 2013. (Court Staff, stbd) (Entered: 07/29/2013) |
| 07/29/2013 | | | Set/Reset Deadlines: Motion response deadline 8/15/2013. See docket entry 19 (Court Staff, stbd) (Entered: 07/29/2013) |
| 07/29/2013 | 20 | | NOTICE of Hearing on 16 MOTION to Dismiss Case, **Motion Hearing reset for 8/27/2013 10:30 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** (Court Staff, stbd) (Entered: 07/29/2013) |
| 08/06/2013 | 21 | | NOTICE of Initial Pretrial Conference: **Initial Pretrial Conference set for 10/11/2013 11:00 AM in Mammoth Hot Springs before Honorable Mark L Carman.** (Court Staff, ska) (Entered: 08/06/2013) |
| 08/12/2013 | 22 | | MOTION REFERRED TO Judge Mark L Carman. Stipulated MOTION to Continue (Non–Dispositive) *Reschedule Initial Pretrial Conference* filed by Plaintiff Timothy Mellon. (Attachments: # 1 Proposed Order)(Stubson, Timothy) (Entered: 08/12/2013) |
| 08/14/2013 | 23 | | (TEXT–ONLY) ORDER by the Honorable Mark L Carman granting 22 Motion to Continue (Non–Dispositive) **Initial Pretrial Conference set for 10/10/2013 10:00 AM in Mammoth Hot Springs before Honorable Mark L Carman. All parties shall appear by phone with Plaintiff's counsel initiating the call and connecting to the Court at 307–344–7196.** (Carman, Mark) (Entered: 08/14/2013) |
| 08/15/2013 | 24 | | MEMORANDUM in Opposition to 16 MOTION to Dismiss Case, filed by Plaintiff Timothy Mellon. (Stubson, Timothy) (Entered: 08/15/2013) |
| 08/15/2013 | 25 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by Plaintiff Timothy Mellon filed by Plaintiff Timothy Mellon. (Stubson, Timothy) (Entered: 08/15/2013) |
| 08/27/2013 | 26 | | MINUTES for proceedings held before Honorable Scott W Skavdahl: Motion Hearing held on 8/27/2013 as to Defendant's 16 Motion to Dismiss; The Court heard argument from all parties and took the motion under advisement. (Court Reporter Jamie Hendrich.) (Court Staff, stbd) (Entered: 08/27/2013) |

| 09/05/2013 | 27 | | NOTICE by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery *of Notice of Firm Name Change* (Stedillie, Alaina) (Entered: 09/05/2013) |
|---|---|---|---|
| 09/25/2013 | 28 | | ORDER by the Honorable Scott W Skavdahl granting in part and denying in part 16 Motion to Dismiss Case; IT IS ORDERED that Defendants' Motion to Dismiss Complaint (ECF No.16) is GRANTED as to Plaintiffs claims for RICO violations and negligence (Counts III and IV), which are DISMISSED WITH PREJUDICE. Defendants' motion is DENIED in all other respects.(Court Staff, stbd) (Entered: 09/25/2013) |
| 10/10/2013 | 29 | | MINUTES for proceedings held before Honorable Mark L Carman: Initial Pretrial Conference held on 10/10/2013. (Court Staff, ska) (Entered: 10/10/2013) |
| 10/10/2013 | 30 | | INITIAL PRETRIAL ORDER:by the Honorable Mark L Carman. Motions filing deadline 6/19/2014. Motion response deadline 7/3/2014. Motions in Limine filing deadline 7/14/2014, response deadline 7/31/2014. **Dispositive Motions Hearing set for 7/17/2014 08:15 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** Other Fact Witness Deadline 4/21/2014 Expert Witness Designation–Plaintiff deadline 2/28/2014. Expert Witness Designation–Defendant deadline 3/28/2014. Discovery due by 5/30/2014. Stipulation Deadline 7/28/2014. **Final Pretrial Conference set for 8/7/2014 08:15 AM in Judge Skavdahl Chambers (Room No. 210) before Honorable Scott W Skavdahl. Jury Trial set for 8/25/2014 09:30 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.**(Court Staff, ska) Modified on 10/11/2013 (Court Staff, ska). (Entered: 10/10/2013) |
| 10/10/2013 | | | Set/Reset Deadlines: Deadline set for Motions in Limine 7/14/2014; Response deadline 7/31/2014 (Court Staff, stbd) (Entered: 10/11/2013) |
| 10/10/2013 | | | Set Deadlines/Hearings: **Jury Trial set for 8/25/2014 09:30 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** (Court Staff, ska) (Entered: 10/11/2013) |
| 10/15/2013 | 31 | | ANSWER to 1 Complaint, with Affirmative Defenses, by Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 10/15/2013) |
| 10/15/2013 | 32 | | NOTICE of Attorney Appearance by John A Masterson on behalf of Richard E Gillespie, The International Group for Historic Aircraft Recovery (Masterson, John) (Entered: 10/15/2013) |
| 10/15/2013 | 33 | | NOTICE of complexity by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery ; this case is non–complex. (Masterson, John) (Entered: 10/15/2013) |
| 10/21/2013 | 34 | | MOTION to Amend/Correct 28 Order on Motion to Dismiss Case, , filed by Plaintiff Timothy Mellon. (Stubson, Timothy) Modified text on 10/21/2013 (Court Staff, stbd). (Entered: 10/21/2013) |
| 10/21/2013 | | | Motions No Longer Referred: 34 MOTION to Amend/Correct 28 Order on Motion to Dismiss Case, , (Court Staff, stbd) (Entered: 10/21/2013) |
| 11/06/2013 | 35 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE to 34 Motion to Amend/Correct filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 11/06/2013) |
| 12/13/2013 | 36 | | ORDER Denying Motion to Amend Order by the Honorable Scott W Skavdahl re 34 MOTION to Amend/Correct , filed by Plaintiff Timothy Mellon. (Court Staff, stbd). (Entered: 12/16/2013) |
| 02/28/2014 | 37 | | Designation of Expert Witnesses by Plaintiff Timothy Mellon. (Oven, Jeffery) Exhibits added on 3/3/2014 due to technical issues: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2, # 4 Exhibit B3, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E1, # 8 Exhibit E2, # 9 Exhibit E3, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H) (Court Staff, sds). NEF Regenerated. (Entered: 02/28/2014) |
| 04/06/2014 | 38 | | MOTION REFERRED TO Judge Mark L Carman. Stipulated MOTION for Extension of Time (Non–Dispositive) filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: # 1 Proposed Order)(Masterson, John) (Attachment 1 replaced on 4/7/2014) (Court Staff, stbd). (Entered: 04/06/2014) |
| 04/07/2014 | 39 | | (TEXT–ONLY) ORDER by the Honorable Mark L Carman granting 38 Motion for Extension of Time setting the Discovery Cutoff date to Monday 6/16/2014.(Carman, Mark) (Entered: 04/07/2014) |
| 04/15/2014 | 40 | | Designation of Expert Witnesses by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 04/15/2014) |
| 04/21/2014 | 41 | | Witness List by Plaintiff Timothy Mellon. (Stubson, Timothy) (Entered: 04/21/2014) |
| 04/21/2014 | 42 | | Witness List by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 04/21/2014) |
| 06/04/2014 | 43 | | Supplemental Designation of Expert Witnesses by Plaintiff Timothy Mellon. (Attachments: # 1 Exhibit A – Vincelli report, # 2 Exhibit B – Calakli report 1 of 4, # 3 Exhibit B – Calakli report 2 of 4, # 4 Exhibit B – Calakli report 3 of 4, # 5 Exhibit B – Calakli report 4 of 4) (Oven, Jeffery) (Entered: 06/04/2014) |
| 06/19/2014 | 44 | | MOTION for Summary Judgment, *as to claims against Gillespie as Individual Defendant* filed by Defendant Richard E Gillespie. (Stedillie, Alaina) (Entered: 06/19/2014) |
| 06/19/2014 | 45 | | MEMORANDUM in Support of 44 Motion for Summary Judgment filed by Defendant Richard E Gillespie. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D) (Stedillie, Alaina) (Entered: 06/19/2014) |
| 06/19/2014 | 46 | | MOTION for Summary Judgment, *as to Claim of Negligent MIsrepresentation* filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Stedillie, Alaina) (Entered: 06/19/2014) |
| 06/19/2014 | 47 | | MEMORANDUM in Support of 46 Motion for Summary Judgment filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft |

| | | | |
|---|---|---|---|
| | | | Recovery. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Stedillie, Alaina) (Entered: 06/19/2014) |
| 06/19/2014 | 48 | | MOTION for Summary Judgment, *As to Fraud* filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Masterson, John) (Entered: 06/19/2014) |
| 06/19/2014 | 49 | | MEMORANDUM in Support of 48 Motion for Summary Judgment filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Masterson, John) (Entered: 06/19/2014) |
| 06/20/2014 | 50 | | MOTION REFERRED TO Judge Mark L Carman. Second MOTION for Extension of Time (Non–Dispositive) *Stipulated* filed by Plaintiff Timothy Mellon. (Attachments: # 1 Proposed Order)(Stubson, Timothy) (Entered: 06/20/2014) |
| 06/20/2014 | 51 | | (TEXT–ONLY) ORDER by the Honorable Mark L Carman granting 50 Motion for Extension of Time extending the discovery cutoff date to 7/1/2014.(Carman, Mark) (Entered: 06/20/2014) |
| 06/25/2014 | 52 | | Stipulated MOTION for Extension of Time (Dispositive) *to Respond to Motions for Summary Judgment* filed by Plaintiff Timothy Mellon. (Attachments: # 1 Proposed Order)(Stubson, Timothy) (Entered: 06/25/2014) |
| 06/26/2014 | 53 | | ORDER by the Honorable Scott W Skavdahl granting 52 Motion for Extension of Time for Plintiff's Response to Defendants' Motion for Summary Judgment. Plaintiff's deadline to respond is moved to July 9, 2014 and will not affect the dispositive motions hearing set for July 17, 2014 at 8:15 am. (Court Staff, sds) (Entered: 06/26/2014) |
| 07/09/2014 | 54 | | MEMORANDUM in Opposition to 46 MOTION for Summary Judgment, *as to Claim of Negligent Misrepresentation*, 44 MOTION for Summary Judgment, *as to claims against Gillespie as Individual Defendant*, 48 MOTION for Summary Judgment, *As to Fraud* filed by Plaintiff Timothy Mellon. (Attachments: # 1 Exhibit 1 – 19, # 2 Exhibit 20 – 24, # 3 Supplement Gillespie Deposition, # 4 Supplement Rodocker Deposition, # 5 Supplement Mellon Deposition) (Stubson, Timothy) Modified on 7/11/2014 (Court Staff, sdf). (Entered: 07/09/2014) |
| 07/17/2014 | 55 | | Minute ORDER and Minute Entry; Dispositive Motion Hearing held on 7/17/2014 denying Defendants 44 Motion for Summary Judgment for reasons articulated on the record and incorporated by reference herein; taking under advisement 46 & 48 Motion for Summary Judgment; Proceedings held before Honorable Scott W Skavdahl. (Court Reporter Anne Bowline.) (Court Staff, stbd) (Additional attachment(s) added on 7/22/2014: # 1 Exhibit) (Court Staff, stbd). (Entered: 07/17/2014) |
| 07/17/2014 | 56 | | SUPPLEMENT re 47 Memorandum in Support, filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Stedillie, Alaina) (Entered: 07/17/2014) |
| 07/17/2014 | 57 | | MOTION in Limine *and Brief in Support* filed by Plaintiff Timothy Mellon. (Attachments: # 1 Proposed Order)(Stubson, Timothy) (Entered: 07/17/2014) |

| 07/17/2014 | 58 | | MOTION in Limine *as to references to Sasquatch* filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: #_1 Exhibit A, #_2 Proposed Order)(Stedillie, Alaina) (Entered: 07/17/2014) |
|---|---|---|---|
| 07/17/2014 | 59 | | MOTION in Limine *as to Conclusive Fact of Discovery of Earhart's Plane* filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Proposed Order)(Stedillie, Alaina) (Entered: 07/17/2014) |
| 07/17/2014 | 60 | | MOTION in Limine *as to Multiple Experts* filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: #_1 Proposed Order)(Stedillie, Alaina) (Entered: 07/17/2014) |
| 07/17/2014 | 61 | | MOTION in Limine *as to Evidence After Plaintiff's Donation* filed by Defendants Richard E Gillespie, The International Group for Historic Aircraft Recovery. (Attachments: #_1 Proposed Order)(Stedillie, Alaina) (Entered: 07/17/2014) |
| 07/25/2014 | 62 | 9 | ORDER by the Honorable Scott W Skavdahl granting Defendant's _46 and_48 Motions for Summary Judgment as to Plaintiff's Claims for Negligent Misrepresentation and Fraud.(Court Staff, sds) (Entered: 07/25/2014) |
| 07/25/2014 | 63 | 27 | JUDGMENT by the Honorable Scott W Skavdahl in favor of Defendants against Plaintiff, Timothy Mellon. (Attachments: #_1 Bill of Costs)(Court Staff, sds) (Entered: 07/25/2014) |
| 08/22/2014 | 64 | 30 | NOTICE OF APPEAL as to_62 Order on Motion for Summary Judgment,_63 Judgment filed by Plaintiff Timothy Mellon. Fee paid, receipt number CAS001323. (Stubson, Timothy) Modified on 8/25/2014 (Court Staff, sjc). (Entered: 08/22/2014) |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JUL 25   AM 11 04

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

TIMOTHY MELLON, a Wyoming )
resident, )
)
      Plaintiff, )
)    Case No. 1:13-CV-00118-SWS
vs. )
)
THE INTERNATIONAL GROUP FOR )
HISTORIC AIRCRAFT RECOVERY, a )
Delaware non-profit corporation, and )
RICHARD E. GILLESPIE, )
)
      Defendants. )

---

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' *Motions for Summary Judgment as to Plaintiff's Claims for Negligent Misrepresentation and Fraud* (ECF Nos. 46, 48). The Court, having considered the briefs and materials submitted in support of the motions and Plaintiff's opposition thereto, having heard oral argument of counsel, and being otherwise fully advised, FINDS and ORDERS as follows:

### BACKGROUND

This action arises out of an expedition to investigate the disappearance of Amelia Earhart and search for the wreckage of the aircraft (a Lockheed Electra Model 10E) she

was flying when she disappeared in 1937. Defendant The International Group for Historic Aircraft Recovery ("TIGHAR"), formed in 1985, is an organization that, in part, performs investigations, aviation archeology and historic preservation of rare and historic aircraft. Defendant Richard Gillespie is, and has always been, TIGHAR's Executive Director. To help fund its efforts to investigate aircraft wreckage and accidents around the world, TIGHAR engages in fundraising through corporate sponsorships and private donors. Among the most prominent of its activities is TIGHAR's ongoing investigation into the disappearance of Amelia Earhart and her navigator Fred Noonan in the South Pacific. Operating on the hypothesis that Earhart and Noonan landed and perished on the island of Nikumaroro in the Republic of Kiribati, TIGHAR has launched a number of expeditions to the island and conducted numerous detailed surveys and searches of the island and its surrounding waters. Beginning with its first expedition in 1989, TIGHAR has made eleven trips to Nikumaroro. It is TIGHAR's long-standing policy that it will only announce the discovery of Earhart wreckage or its belief that the mystery of the disappearance has been solved when it finds and positively identifies "conclusive, indisputable proof that recovered wreckage is that of the plane or DNA of Ms. Earhart or Mr. Noonan." (Gillespie Aff. ¶ 8) (ECF No. 45-1).

In May 2010, TIGHAR embarked on its tenth expedition to Nikumaroro island (known as "NIKU VI"). The stated objectives of the expedition included an underwater search of the reef slope along the island's western shoreline, using a remote operated

-2-

vehicle ("ROV") equipped with both high definition and standard definition video cameras, to test the hypothesis that the area holds wreckage from the Earhart aircraft, as well as terrestrial archaeological exploration of the island.  (Pl.'s Ex. 2) ("Niku VI Expedition Report") (ECF No. 54-1); (Gillespie Dep. 160:4-17) (ECF No. 54-3).  During the expedition, the ROV filmed some manmade objects, specifically a rope and what "kind of looks like a wire." (Gillespie Dep. 122:15-123:22.)  Members of the ROV crew determined the piece that looked like wire was actually whip coral.  (Rodocker Dep. 46:4-22) (ECF No. 54-4).  Still, Gillespie wanted to investigate further so the ROV tried to return to the area the next day to recover the object.  (Gillespie Dep. 123:16-124:19, 126:2-16.)  However, after spending a few hours looking, the area could not be relocated due to technical problems.  (*Id.* 124:20-126:1; Rodocker Dep. 47:17-48:14.)

Following the NIKU VI expedition, TIGHAR reported, focusing initially on the high definition video footage,[1] "very little man-made material was identified and none was immediately identifiable as airplane debris."  (Niku VI Expedition Report at 8.)  Nevertheless, TIGHAR believed the information collected during the expedition supported the hypothesis that the wreckage is located in the area. *Id.* at 9.  The Discovery Channel used the video segment showing the rope and "wire" in its documentary about

---

[1] In an e-mail dated April 10, 2011, Gillespie indicated he had been "focusing on the HD imagery" not realizing there was significant footage available from the standard definition camera.  (Pl.'s Ex. 5.)

TIGHAR's quest to solve the "Earhart Mystery" which was later also available on YouTube.[2] (Gillespie Dep. 123:10-14; 200:7-24.)

In April of 2011, Gillespie realized additional underwater video from the standard definition video camera was available and forwarded the footage to certain individuals for further analysis, including Jeff Glickman who has forensic imaging experience and expertise. (Pl.'s Ex. 5.) Gillespie had previously sent e-mails noting Glickman found "suspicious objects" in other video clips and the "need to look closely at all of this stuff." (Pl.'s Ex. 22.) Glickman's review yielded the following interpretations of certain objects:

> Object 11: *Probably* whip coral
> Object 4: *Possibly* a broken shell
> Object 9: This image is *too indistinct* to support interpretation.
> Object 10: Rope with a splice.
> Object 5: *Possibly* a rod. *Another possibility* is that it could be a taught cable.
> Object 3: Insufficient context to support interpretation.
> Object 7: *Probably* coral.
> Object 6: *Possibly* a rod. *Another possibility* is that it could be a taught cable.
> Object 8: *Probably* rope.
>
> It should be noted that imagery associated with Object 10, Rope with Splice, shows a metal hook attached to the loop formed by the rope looping back to the splice.

(Pl.'s Ex. 3) (emphasis added).  Discovery of the rope generated discussion at TIGHAR about its possible connection to the Earhart plane, prompting one member to note the video of the rope "is something that would warrant the full brunt of TIGHAR curiosity."

---

[2] TIGHAR entered into an Exclusive Expedition Agreement with Discovery Communications that covered the 2010 expedition.  (Pl.'s Ex. 10.)  As part of that Agreement, Discovery was given exclusive rights regarding the announcement and publication of any "conclusive discoveries" as defined by the Agreement.  *Id.* at 8.  Also pursuant to the Agreement, all of the video footage from NIKU VI was turned over to Discovery Communications.

(Pl.'s Ex. 6.)   Gillespie had earlier cautioned Glickman about publicizing his findings because "news like this is so good that it could prompt some hotshot millionaire glory hunter to decide to beat us to the 'treasure.'"[3]   (Pl.'s Ex. 7.)

In early 2012, TIGHAR received assistance from the U.S. Government in reviewing and interpreting the "Bevington object."[4]   In April 2010, Glickman had discovered the object in a 1937 photograph of Nikumaroro, and Gillespie published a research bulletin about the photograph on the TIGHAR website on April 20, 2010. (Gillespie Aff. ¶ 12.)   TIGHAR believes the Bevington object is consistent with landing gear from the missing Lockheed Electra flown by Earhart.   (*Id.* ¶ 13; Gillespie Dep. 115:2-7.)   Gillespie asked Assistant Secretary of State Kurt Campbell to have the photo reviewed by government analysts for a second opinion.   (Gillespie Dep. 115:8-12.)   The government analysts agreed the object was "probabl[y]" from a Lockheed Electra.   *Id.* 115:15-23.   TIGHAR then began to receive pressure from the U.S. Government to

---

[3] Plaintiff alleges that one important motivation for TIGHAR's decision to conceal their discovery was so it could first obtain an exclusive agreement with the Republic of Kiribati that would protect TIGHAR's rights to discovered artifacts. (*Pl.'s Mem. in Opp'n* at 5.)   The March 20, 2012 Agreement between TIGHAR and the Republic of Kiribati gave TIGHAR an exclusive license to search for, recover and preserve artifacts relating to the Earhart wreckage; however, Kiribati retained ownership and all legal rights to all artifacts removed from Kiribati, including Amelia Earhart's plane, wreckage or parts thereof. (Hr'g Ex. 1.)   Prior to this Agreement, TIGHAR had only an Agreement covering certain artifacts collected from Nikumaroro in 1989. (Pl.'s Ex. 8.)   TIGHAR recognized the need for a more expansive agreement as "[t]he stronger the evidence becomes that the wreckage of the plane is in the waters adjacent to Nikumaroro, the greater the danger of an unauthorized attempt to find and recover it." (Pl.'s Ex. 9; *see also* Gillespie Dep. 153:21-154:25.)   The desire to have an agreement and plan in place for protection of any artifacts, in anticipation of finding proof of the Earhart wreckage, does not suggest TIGHAR knew it had indeed found the Earhart wreckage.
[4] References to the "Bevington object" refer to an object that appears in a later 1937 photograph of Nikumaroro taken by an English Colonial Administrator, Eric Bevington, who was surveying islands in the area. (Gillespie Aff. ¶ 11.)

undertake another expedition to Nikumaroro that next summer in search of additional evidence and/or proof of the Earhart wreckage.  (Gillespie Dep. 107:14-108:22, 116:10-22.)  Although TIGHAR wanted more time to prepare and raise money for another expedition, the State Department offered significant publicity if they were able to "make it happen" in the summer of 2012.  (*Id.* 107-108.)

On March 20, 2012 TIGHAR, Secretary of State Clinton and U.S. Transportation Secretary Ray LaHood held a press conference extolling TIGHAR's efforts and promoting its next trip to Nikumaroro.  (Gillespie Dep. 109.)  During that event, Gillespie acknowledged TIGHAR has "compelling evidence" to support its theory about Earhart's disappearance and the location of the wreckage. (http://www.youtube.com/watch?v+WGbYeZAvTYk.)  Gillespie further characterized the evidence as "strong but circumstantial" and stated that finding the airplane would make it conclusive.  *Id.* 21:50-22:15.  Gillespie noted all they can do is make their best effort to search and see what they can find; "it is the searching that is important."  *Id.* 28:15-30.  Gillespie admits these types of publicity events and press releases are part of their fundraising philosophy:  "We build the expedition we feel needs to be done, and then we figure out how much that's going to cost, and then we make known to the public what we want to do, how we want to do it, and how much it's going to cost, and we're not going to be able to do it if we don't raise the money.  And then we usually stand by and let people come to us."  (Gillespie Dep. 144:4-18.)

-6-

Following that press conference, the Casper [Wyoming] Star Tribune printed a story discussing the "new clue" revealed by enhanced analysis of the Bevington photo. (Pl.'s Ex. 20.)   The article reported TIGHAR's intention to return to the island that summer "in the hope of finding the wreckage of Earhart's plane and perhaps even the remains of the pilot and her navigator, Fred Noonan." *Id.*   The article further reported Gillespie's acknowledgement that they had "circumstantial" but "strong" evidence of the plane's location.   After reading the Tribune article, on March 22, 2012, Plaintiff contacted TIGHAR via e-mail expressing his interest in talking to Gillespie "about funding opportunities for [TIGHAR's] Amelia Earhart and other projects." (Pl.'s Ex. 11; Mellon Dep. 17:5-18.)  Within days Plaintiff and Gillespie spoke by phone (at Plaintiff's request) and discussed Plaintiff's interest in the Earhart project, both in funding and participation. (Gillespie Dep. 109-110; Mellon Dep. 21.)  Plaintiff offered to fund nearly half of the cost of the 2012 expedition, or around one million dollars.[5]  (Gillespie Dep. 110:11-14.)   On his own volition, Gillespie forwarded Plaintiff a number of materials about TIGHAR's quest to find the Earhart plane, including a DVD of the Discovery Channel show. (Pl.'s Ex. 12.)  Plaintiff did not undertake any independent investigation into TIGHAR or Gillespie prior to making his donation, nor did he solicit any additional information from TIGHAR before making his donation. (Mellon Dep. 22:16-25.)

---

[5] The actual gift to TIGHAR came in the form of stock with a value of $1,046,843.00.  (Pl.'s Ex. 13.)

The NIKU VII expedition departed Hawaii on July 3, 2012, accompanied by Plaintiff as well as a documentary crew from the Discovery Channel and other supporters.[6]  This expedition again involved underwater imaging and sonar.  Following the expedition, Gillespie immediately sent video footage to Jeff Glickman, hoping "something interesting" would be found before the Discovery show set to air on August 19, 2012.  (Pl.'s Ex. 14.)  Upon a "cursory review of less than 30% of the expedition's video," Glickman found a "debris field" in the area of the Bevington object.  (Pl.'s Ex. 15.)  Gillespie advised Discovery, "We have what appears to be a debris field just offshore where the 'landing gear" object appears in the 1937 Bevington Photo."  *Id.*

Central to his case, Plaintiff has since become convinced (over the course of time and countless viewings) that the footage taken during the 2010 NIKU VI expedition reveals the wreckage of the Lockheed Electra flown by Amelia Earhart when she disappeared and various objects associated therewith,[7] and that TIGHAR and Gillespie knew, or should have known, this to be true but concealed the discovery from Plaintiff and the world in order to raise money for additional expeditions.  Plaintiff alleges he

---

[6] In addressing the difference between the 2010 and 2012 expeditions, Gillespie stated "in 2010 underwater search for airplane wreckage was a component of the expedition," in 2012 "it was the dominant, by far, activity." (Gillespie Dep. 257:8-11.)

[7] Some of the items Plaintiff believes are depicted in the 2010 video footage are:  components of the Lockheed Electra plane (including the plane cockpit and  landing gear, wing sections, engine & propeller, tailwheel, and fuel tank), headset and wires, skeletal remains of Amelia Earhart and Fred Noonan, cellophane bags wrapped around the skulls of Ms. Earhart and Mr. Noonan with tubes running to a bottle of nitrogen (Plaintiff believes the two committed suicide in this fashion), shoes, banjo and case, violin and case, guitar, severed hand, camera, toilet compartment and toilet paper rolls, flyswatter, bracelet, binoculars and field glasses.  (Mellon Dep. 41, 43, 78-79; Mellon Dep. Ex. 11 (ECF No. 47-2).)

-8-

would not have made his donation but for the Defendants' alleged misrepresentations.
On June 3, 2013, Plaintiff filed this lawsuit against Defendants.  Still pending before the
Court are Plaintiff's claims for fraud and negligent misrepresentation.

### STANDARD OF REVIEW

Summary judgment is appropriate where a movant shows "there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law."
FED.R.CIV.P. 56(a) (2010) (emphasis added).  "A dispute is genuine if there is sufficient
evidence so that a rational trier of fact could resolve the issue either way.  A fact is
material if under the substantive law it is essential to the proper disposition of the claim."
*Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal quotations
and citations omitted).  "If a reasonable trier of fact could not return a verdict for the
nonmoving party, summary judgment is proper." *White v. York Int'l Corp.*, 45 F.3d 357,
360 (10th Cir. 1995).

In reviewing a motion for summary judgment, the Court is to determine whether
there is evidence to support a party's factual claim, *Jarvis v. Potter*, 500 F.3d 1113, 1120
(10th Cir. 2007), and, in doing so, must view the evidence and draw reasonable
inferences therefrom in a light most favorable to the nonmoving party, *E.E.O.C. v. C.R.
England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011).  "However, unsupported conclusory
allegations do not create a genuine issue of fact." *Id.* (internal quotations and citations
omitted).  Similarly, "mere speculation unsupported by evidence is insufficient to resist

-9-

summary judgment." *Martinez v. CO2 Serv., Inc.*, 12 Fed.Appx. 689, 695 (10th Cir. 2001) (citations omitted).

## DISCUSSION

In support of their summary judgment motions, Defendants contend both of Plaintiff's remaining claims fail for lack of any evidence, other than Plaintiff's own speculation and opinion, of any false representation made or information provided to Plaintiff prior to making his 2012 donation.   In response, Plaintiff contends ample evidence exists to demonstrate TIGHAR knew, or should have known, of the presence of the Earhart wreckage from the 2010 expedition footage prior to discussing financial contributions with Plaintiff, yet Defendants misrepresented that the purpose of the 2012 expedition was to locate the wreckage they had already found.

*Negligent Misrepresentation*

"Under Wyoming law, the elements of negligent misrepresentation are as follows: (1) defendant gave plaintiff false information in a transaction in which defendant had a pecuniary interest; (2) defendant gave the false information to plaintiff for the guidance of plaintiff in plaintiff's business transactions; (3) defendant failed to use reasonable care in obtaining or communicating the information; (4) plaintiff justifiably relied on the false information supplied by defendant; and (5) as a result of plaintiff's reliance, plaintiff suffered economic damages." *Wyo. Sugar Growers, LCC v. Spreckels Sugar Co., Inc.*,

-10-

925 F.Supp.2d 1225, 1228 n.2 (D. Wyo. 2012) (citing *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003)).

Foremost and fatal here, Plaintiff must provide evidence that the information given by the Defendants was *false*. What was affirmatively communicated to Plaintiff is that TIGHAR was planning another expedition in search of the Earhart plane. Certainly, on its face, this representation was and is not false, nor does Plaintiff assert the materials provided to him by Defendants prior to his donation contained false information. Rather, Plaintiff contends the representation is false because it suggests the Earhart plane had not already been found. In support of his assertion that Defendants had found the Earhart wreckage during the NIKU VI expedition in 2010, Plaintiff cites to Glickman's April 2011 interpretations following his analysis of the standard definition video later discovered by Gillespie. (Pl.'s Ex. 3.) However, Glickman's observations of rods (or maybe cable) and rope, excepting the "rope with a splice," are couched in probabilities and possibilities – hardly conclusive evidence of the Earhart plane. Defendants believed these findings warranted further investigation and provided additional support for their hypothesis, but are not the kind of proof they are searching for.[8]

Following enhanced analysis of the Bevington object by the U.S. Government, Defendants very publicly announced their belief they had circumstantial but strong

---

[8] Gillespie believes that "to solve the Earhart mystery, you have to have a smoking gun." (Gillespie Dep. 113:20-21.) In his view, "that's going to be DNA or identifiable airplane wreckage. Something with a serial number, a part number, something that's [] incontrovertibly [] from Earhart's airplane." *Id.* 114:5-8.

evidence reinforcing their theory about the location of the wreckage. (Gillespie Dep. 194:5-13.) Plaintiff himself agrees the Bevington object is not conclusive evidence of Earhart's plane. (Mellon Dep. 89:16-90:8.) Plaintiff's experts' opinion, formed after having the benefit of viewing video from both the 2010 and 2012 expeditions, likewise falls short of establishing the falsity of Defendants' representation that they had not found the airplane. Rather, the experts simply opine that the 2010 video footage depicts man-made objects "*consistent with* parts of the Earhart Lockheed Electra Model 10," leading them to the conclusion that the identified objects "are *likely* to have originated from Earhart's Electra." (ECF No. 54-1) (emphasis added).

To be sure, there is dispute about what can be seen in the 2010 expedition footage and the source of any man-made objects identified.[9] And whether Defendants found the wreckage in 2010 is disputed. However, there is no evidence in the record that, in fact, the Earhart wreckage lies on the ocean floor off of Nikumaroro and Defendants knew, or should have known, that fact upon review of footage from NIKU VI. That a jury would be asked to decide these issues defeats Plaintiff's assertion that Defendants misrepresented anything. Ultimately, Plaintiff's theory is based on his *opinion* that the video footage reveals the Earhart wreckage, apparently believing that the proof is self-

---

[9] Plaintiff admits others have seen a particular object in the video that he does not, and he has seen objects that he later determined weren't there or were something different. (Mellon Dep. 30:22-31:5, 33:8-16, 34:20-25, 78:9-22, 79:15-20.)

evident in the footage.[10] Defendants' representation that they were planning another expedition to find the wreckage was based on their *opinion* they had not yet found it. "[N]egligent misrepresentation does not apply to . . . statements of opinion." *Birt*, 75 P.3d at 657-58. Rather, the tort of negligent misrepresentation "applies only to misrepresentations of facts." *Id*. at 658. "The question of whether the alleged misrepresentation was one of present fact or of opinion . . . is a question of law." *Id*. The Court finds Defendants' representation that they were still searching for the plane (thereby implying they had not yet found it) is simply one of opinion; there is no evidence to support a finding that at the time Defendants made the alleged misrepresentation they had, *in fact*, found Amelia Earhart's plane.

Neither has Plaintiff submitted evidence to support a finding that Defendants failed to exercise reasonable care or competence in obtaining, reviewing or communicating the information. Despite acknowledging the need for utilizing a scientific methodology, none of Plaintiff's experts opine about the standard of care Defendants should have used when viewing and analyzing the 2010 expedition footage or reaching conclusions therefrom.[11] Nowhere in the expert reports do the experts

---

[10] Despite Plaintiff's belief that he himself can see objects associated with the Earhart wreckage in the 2010 video footage, Plaintiff's experts' report notes, "Positively identifying wreckage of historical significance, located in a remote area of the planet and under hundreds of feet of ocean waters is challenging and requires a scientific approach to methodology." (ECF No. 54-1.) Plaintiff states he is "self-taught" in the methodology for identifying airplane wreckage underwater. (Mellon Dep. 80:2-7.) Plaintiff admits he does not have the expertise to scientifically prove the existence of what he sees in the video. *Id*. 59:4-9, 60:1-12, 92:16-21.

[11] Plaintiff's argument regarding Defendants' failure to use reasonable care in conducting the NIKU VI expedition misses the point. (*Pl.'s Mem. in Opp'n* at 17.) Plaintiff himself alleges the video footage from NIKU VI clearly

-13-

definitively state that the objects which they observed in the 2010 footage are, *in fact*, from Earhart's plane.  Further, the reports are devoid of any conclusion that Defendants' failure to identify these objects "consistent with" parts of Earhart's plane was negligent. When asked what he believes Defendants should have done differently in analyzing the 2010 footage, Plaintiff states, in conclusory fashion, they should have used a different analyst with "sufficient expertise."  (Mellon Dep. 75:9-19, 77:7-22.)  However, Plaintiff never states what kind of expert the Defendants should have hired, what constitutes "sufficient expertise," or what analysis should have been done.  Plaintiff has submitted insufficient evidence to establish what Defendants should have known or done based upon the 2010 expedition findings and footage.[12]

Finally, the Court has doubts about whether Plaintiff's reliance on the alleged misrepresentation was justified.  Footage from the 2010 expedition was publicly available, as was the Bevington photo, many months prior to Plaintiff's contribution to Defendants.  Further, it was no secret Defendants believed they had strong evidence that the Earhart wreckage was located in the waters off the island of Nikumaroro and intended to return to the island in the hopes of finding the airplane.  There is simply no evidence Defendants misrepresented their mission or the status of the search for the Earhart

---

depicts the Earhart wreckage, and Plaintiff's negligent misrepresentation claim is based on Defendants' alleged incompetence in failing to identify the wreckage in the 2010 footage.

[12] In cases involving a specialized field, such as architecture or engineering, testimony about the standard of care applicable to the defendant's conduct and the defendant's compliance with that standard of care must be provided by an expert in that particular specialized field. *See Garaman, Inc. v. Williams*, 912 P.2d 1121, 1123-24 (Wyo. 1996). Such expert testimony is required where "the common sense and experience of a layperson are [not] sufficient to establish the standard of care." *Rino v. Mead*, 55 P.3d 13, 19 (Wyo. 2002).

-14-

wreckage.  The Court finds, based upon the evidence presented, Plaintiff cannot establish

the necessary elements of a negligent misrepresentation claim.  "Unsupported allegations

without any significant probative evidence tending to support the [claim] are insufficient .

. . as are conclusory assertions that factual disputes exist."  *Shively v. Rock*, No. 09-cv-

826, 2011 WL 1060305, *3 (D. Colo. Feb. 18, 2011) (quoting *Southway v. Central Bank

of Nigeria*, 149 F.Supp.2d 1268, 1273 (D. Colo. 2001)) (internal quotations omitted).

*Fraud*

The lack of evidence establishing the falsity of Defendants' representation is

similarly fatal to Plaintiff's fraud claim.  In order to prevail on a claim for intentional

misrepresentation or fraud under Wyoming law, a plaintiff must show:  "(1) the

defendant made a false representation intended to induce action by the plaintiff; (2) the

plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on

the false representation and suffered damages."  *Excel Constr., Inc. v. HKM Eng'g, Inc.*,

228 P.3d 40, 48 (Wyo. 2010) (citing *Birt*, 75 P.3d at 656).  "In order to prove intentional

misrepresentation, the plaintiff must show that the misrepresentation was made

intentionally, with knowledge of its falsity, or that the maker of the misrepresentation

was at least aware that he did not have a basis for making the statement."  *Id.* at 48-49.

Further, "[f]raud must be proven by clear and convincing evidence, as opposed to by a

preponderance of the evidence for negligent misrepresentation claims."  *Id.* at 49.

-15-

As discussed above, Plaintiff has failed to offer evidence which would show, by even a preponderance of the evidence, that Defendants' representation they had not yet found the Earhart plane was false. Moreover, even accepting Plaintiff's experts' non-definitive conclusion that the objects depicted in the 2010 expedition footage are from Earhart's plane, Plaintiff must show Defendants had actual knowledge they had found the Earhart wreckage and intentionally misrepresented that fact to Plaintiff. "[O]ne cannot be guilty of fraudulently or intentionally concealing or misrepresenting facts of which he is not aware." *Throckmartin v. Century 21 Top Realty*, 226 P.3d 793, 809 (Wyo. 2010).

There is absolutely no evidence Defendants knew the 2010 footage depicted anything more than rods (or maybe cables) and a rope in the area where they believe the Earhart wreckage to be. At best, Defendants knew they had strong evidence in support of their hypothesis which warranted further investigation. "When a party accused of fraud has presented facts, in support of a motion for summary judgment, that refute the allegations of fraud, the party relying upon the fraud claims then must demonstrate the existence of genuine issues of material fact by clear, unequivocal and convincing evidence." *Phillips v. Toner*, 133 P.3d 987, 996 (Wyo. 2006). The record is completely devoid of such evidence here. Plaintiff has no more than theories and opinions that Earhart's plane, or parts of it, are depicted in the 2010 footage. Defendants disagree. As stated previously, expressions of opinion are not representations of fact and, therefore, cannot form the basis of a fraud claim. *See Birt*, 75 P.3d at 658; *Davis v. Schiess*, 417

-16-

P.2d 19, 21 (Wyo. 1966) ("a statement which is but an expression of opinion is generally

not held to be the representation of a fact" supporting fraud).  There is no proof in the

record that the objects Plaintiff and his experts observe in the 2010 NIKU VI footage are

from Earhart's plane.  If a genuine dispute of fact exists as to whether Defendants found

the Earhart wreckage in 2010, there can be no finding Defendants falsely represented

they had not found it (absent evidence Defendants indeed believed they had).  The Court

finds Plaintiff's claim lacks the requisite evidentiary support.

## CONCLUSION

Defendants represented to Plaintiff they were planning another expedition in their

continued quest to find the wreckage of Amelia Earhart's airplane.  Upon reading about

Defendants' efforts, Plaintiff contacted Defendants and expressed his interest in

supporting the expedition with a monetary contribution.  That's exactly what the parties

then did.  No *false* representations were made.  The lost had not been found . . . or maybe

it had.  Regardless, no rational trier of fact could find Defendants *falsely* represented they

had not found Earhart's plane by embarking on another expedition in hopes of finding

conclusive evidence to prove it.  No matter how convinced or sincere Plaintiff is in his

subjective belief and opinion that Amelia Earhart's airplane was or should have been

discovered prior to the making of his donation, that *belief* and *opinion* is insufficient to

create a genuine dispute of material fact.  *See Rice v. U.S.*, 166 F.3d 1088, 1092 (10th

-17-

Cir. 1999).   The Court finds no genuine dispute of material fact and Defendants are entitled to judgment as a matter of law.   THEREFORE, it is hereby

ORDERED that Defendants' *Motions for Summary Judgment as to Plaintiff's Claims for Negligent Misrepresentation and Fraud* (ECF Nos. 46, 48) are GRANTED.

Dated this _25th_ day of _July_, 2014.

_____
Scott W. Skavdahl
United States District Judge

-18-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
JUL 25 PM 1 21
STEPHAN HARRIS, CLERK
CASPER

TIMOTHY MELLON, a Wyoming
resident.

                                    Plaintiff(s)

vs                                                    Case Number: 1:13-CV-00118-SWS

THE INTERNATIONAL GROUP FOR
HISTORIC AIRCRAFT RECOVERY, a
Delaware non-profit corporation, and
RICHARD E. GILLESPIE,

                                    Defendant(s)

### JUDGMENT IN A CIVIL ACTION

This matter came before the Court on Defendants' Motions for Summary

Judgment as to Plaintiff's Claims for Negligent Misrepresentation and Fraud (ECF Nos.

46, 48). The Court, having considered the briefs and materials submitted in support of

the motions and Plaintiffs opposition thereto, having heard oral argument of counsel, and

being otherwise fully advised  found for the Defendants. Case is now deemed closed.

Dated this 25th day of July, 2014.

                                        *Clerk of Court or Deputy Clerk*

WY 08                                                              Rev. 04/19/2013

AO 133    (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Case No.: |
|  | ) |  |
|  | ) |  |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____ against _____ ,
Date

the Clerk is requested to tax the following as costs:

Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $ _____

Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . .    _____

Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Fees for exemplification and the costs of making copies of any materials where the copies are
necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . .    _____

Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    _____

TOTAL   $ _____

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

| **Declaration** |
|---|

        I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the
services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties
in the following manner:

      ❐   Electronic service              ❐      First class mail, postage prepaid

      ❐   Other: _____

      s/ Attorney: _____

           Name of Attorney: _____

For: _____         Date: _____
*Name of Claiming Party*

| **Taxation of Costs** |
|---|

Costs are taxed in the amount of _____ and included in the judgment.

_____     By: _____     _____
*Clerk of Court*                                 *Deputy Clerk*                                      *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | Total Cost Each Witness |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | TOTAL | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**

"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.

Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

## RULE 6

(d) Additional Time After Certain Kinds of Service.

When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Timothy Stubson, Bar No. 6-3144
Jeff Oven, Bar No. 6-3371
CROWLEY FLECK PLLP
152 N. Durbin, Suite 220
Casper, WY 82601
Telephone: (307) 265-2279
Facsimile: (307) 265-2307
tstubson@crowleyfleck.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY MELLON, a Wyoming resident, | ) |
| | ) |
| Plaintiff, | ) Cause No.:  13 CV 118-S |
| vs. | ) |
| | ) |
| THE INTERNATIONAL GROUP FOR | ) |
| HISTORIC AIRCRAFT RECOVERY,   a | ) |
| Delaware non-profit corporation and | ) |
| RICHARD E. GILLESPIE, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF APPEAL TO THE UNITED STATES
## COURT OF APPEALS FOR THE TENTH CIRCUIT

COMES NOW, Timothy Mellon, by and through his attorneys, Crowley Fleck, PLLP,

and hereby provides his notice of appeal from the Final Judgment of the United States District

Court for the District of Wyoming entered in this case on July 25, 2014.  The parties to the

Judgment appealed from and the names and addresses of their respective attorneys are as

follows:

Defendants: The International Group for Historic Aircraft Recovery, Inc. and Richard E.
Gillespie

John A. Masterson #5-2386 (jmasterson@lrrlaw.com)        William J. Carter
Alaina M. Stedillie #6-4327 (astedillie@lrrlaw.com)         Dean & Carter, PLLC
Lewis Roca Rothgerber, LLP                                         1112 Main Street, #302
123 W. 1st Street, Suite 200                                        Boise, ID 83702
Casper, WY 82601
                                                                           carter@dean-carterlaw.com

DATED this 22nd day of August, 2014.

By:/s/Timothy M. Stubson
TIMOTHY M. STUBSON # 6-3144
Crowley Fleck, PLLP
152 North Durbin Street, Suite 220
Casper, WY 82601-7009
(307) 265-2279
tstubson@crowleyfleck.com
Attorneys for Timothy Mellon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing document was served by United States mail, postage prepaid, this 22nd day of August, 2014 addressed to the following:

John A. Masterson
Alaina M. Stedillie
Lewis Roca Rothgerber, LLP
123 W. 1st Street, Suite 200
Casper, WY 82601

William J. Carter
Dean & Carter, PLLC
1112 Main Street, #302
Boise, ID 83702

/s/Timothy M. Stubson
Timothy M. Stubson

2