**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**May 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

TIMOTHY MELLON, a Wyoming resident,

    Plaintiff - Appellant,

v.

THE INTERNATIONAL GROUP FOR HISTORIC AIRCRAFT RECOVERY, a Delaware non-profit corporation; RICHARD E. GILLESPIE,

    Defendants - Appellees.

No. 14-8062
(D.C. No. 1:13-CV-00118-SWS)
(D. Wyo.)

---

### ORDER AND JUDGMENT[*]

---

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Timothy Mellon was a donor for one of defendants' expeditions looking for the wreckage of Amelia Earhart's lost plane. Alleging that defendants induced him to make his donation by falsely representing that previous expeditions to the same general location had yet to produce conclusive results, he brought this

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

action asserting claims for fraud, negligent misrepresentation, negligence, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). The district court dismissed the negligence and RICO claims under Fed. R. Civ. P. 12(b)(6) in an early order and then granted summary judgment to defendants on the fraud and negligent misrepresentation claims in a published decision, *see Mellon v. Int'l Grp. Historic Aircraft Recovery*, 33 F.Supp.3d 1277 (D. Wyo. 2014). Mr. Mellon now appeals, challenging only the grant of summary judgment.

The district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and internal quotation marks omitted). "For dispositive issues on which the plaintiff will bear the burden of proof at trial, he must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (brackets and internal quotation marks omitted). And "[e]vidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Id.* (internal quotation marks omitted).

We review the district court's determination de novo, applying these same standards. *Id.*

The district court touched on more than one potential legal deficiency in Mr. Mellon's claims, but it will suffice here to focus on the primary one covering both claims: lack of actionable falsity. Under state substantive law, which governs this diversity action, *see Hiner v. Deere & Co., Inc.*, 340 F.3d 1190, 1192 (10th Cir. 2003), falsity is a material element of both a fraud claim (requiring a false representation) and a negligent misrepresentation claim (requiring provision of false information), *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003). And only facts, not opinions, can be actionably false. *See id.* at 657-58; *see also Universal Drilling Co., LLC v. R & R Rig Serv., LLC*, 271 P.3d 987, 997 (Wyo. 2012). Whether a representation is one of fact or one of opinion is a question of law. *Birt*, 75 P.3d at 658.

Mr. Mellon based his claims on an implied representation, as the district court explained:

> What was affirmatively communicated to [Mr. Mellon] is that TIGHAR[1] was planning another expedition in search of the Earhart plane. Certainly, on its face, this representation was and is not false, nor does [Mr. Mellon] assert the materials provided to him by Defendants prior to his donation contained false information. Rather, [Mr. Mellon] contends the representation is false because it suggests the Earhart plane had not already been found.

---

[1] "TIGHAR" refers to defendant "The International Group for Historical Aircraft Recovery," the corporation through which defendant Richard E. Gillespie mounted expeditions searching for the Earhart wreckage site.

*Mellon*, 33 F.Supp.3d at 1284. Mr. Mellon believes video evidence obtained during a prior expedition in 2010 undercut this tacit representation, i.e., "that TIGHAR had within its possession critical evidence plainly showing that it had likely located . . . Earhart's wreckage site."[2] Aplt. Br. at 2. The district court concluded that defendants' implied representation regarding the insufficiency of the extant evidence to definitively identify the wreckage site—as well as Mr. Mellon's belief that the site had been found—were, on the record developed in the case, matters of opinion, not false factual matters:

> Ultimately, [Mr. Mellon's] theory is based on his *opinion* that the video footage reveals the Earhart wreckage, apparently believing that the proof is self-evident in the footage. Defendants' representation that they were planning another expedition to find the wreckage was based on their *opinion* they had not yet found it. . . . [T]here is no evidence to support a finding that at the time Defendants made the alleged misrepresentation they had, *in fact*, found Amelia Earhart's plane.

*Mellon*, 33 F.Supp.3d at 1285 (footnote omitted); *see also id.* at 1287 ("Plaintiff has no more than theories and opinions that Earhart's plane, or parts of it, are depicted in the 2010 footage. Defendants disagree. As stated previously, [such] expressions of opinion are not [actionable] representations

---

[2] The video footage was not the only evidence relating to the potential location of the Earhart plane, but this new evidence obtained in 2010 is the focal point of Mr. Mellon's claims. Like the district court (and frequently Mr. Mellon himself), we thus refer to the footage as a shorthand for all of the evidence from which Mr. Mellon believes defendants had or should have determined the location of the plane.

of fact . . . ."). The district court summarized its consequent holding on summary judgment as follows:

> Defendants represented to [Mr. Mellon] they were planning another expedition in their continued quest to find the wreckage of Amelia Earhart's airplane. Upon reading about Defendants' efforts, [he] contacted Defendants and expressed his interest in supporting the expedition with a monetary contribution. That's exactly what the parties then did. No *false* representations were made. The lost had not been found . . . or maybe it had. Regardless, no rational trier of fact could find Defendants *falsely* represented they had not found Earhart's plane by embarking on another expedition in hopes of finding conclusive evidence to prove it. No matter how convinced or sincere [Mr. Mellon] is in his subjective belief and opinion that Amelia Earhart's airplane was or should have been discovered prior to the making of his donation, that *belief and opinion* is insufficient to create a genuine dispute of material fact.

*Id.* at 1287.

We agree. As the district court repeatedly emphasized, there is no proof in the record that, when the 2010 video footage was reviewed before the 2012 expedition, objects observed in the footage were in fact from Earhart's plane. Mr. Mellon's own experts would not confirm that the footage proved the plane had been found.[3] Without such proof, any contemporaneous belief expressed

---

[3] The district court noted that these "experts' opinion, formed after having the benefit of viewing video from both the 2010 and 2012 expeditions, likewise falls short of establishing the falsity of Defendants' representation that they had not found the airplane. Rather, the experts simply opine that the 2010 video footage depicts man-made objects *consistent with* parts of the Earhart [plane], leading them to the conclusion that the identified objects are *likely* to have originated from Earhart's [plane]." *Mellon*, 33 F.Supp.3d at 1285 (internal quotation marks omitted). Indeed, defendants too believed—and publicly stated—that "they had circumstantial but strong evidence reinforcing their theory about the location of the wreckage." *Id.*

about the plane—that it (likely) was or was not in the area where defendants suspected it to be when they embarked on the 2012 expedition—was mere opinion that could not be false. Mr. Mellon insists a jury should decide what it believes the video shows. But, as already noted, distinguishing opinions from actionable factual representations is a matter of law, and the district court determined—correctly in our view—that beliefs about the possible location of Earhart's plane based on the 2010 video footage were opinions rather than facts. Any speculation on the matter by a jury would thus simply be one more opinion—both procedurally inappropriate and legally immaterial.[4]

Finally, Mr. Mellon contends there is independent circumstantial evidence of fraudulent intent to support his fraud claim:[5] defendants' secrecy about the suggestive 2010 video footage and their negotiation of an agreement with the local government to afford them some rights in the event Earhart

---

[4] Mr. Mellon, who acknowledges that *Birt* made the opinion/fact distinction a question of law, also notes an earlier decision stating that "in doubtful cases the question of whether [the operative] representation is an opinion or fact should be left to the jury." *White v. Ogburn*, 528 P.2d 1167, 1169 (Wyo. 1974). After *Birt*, it is not clear what import, if any, should be attributed to the statement from *White*, given that "questions of law are for courts to determine," *Vassos v. Roussalis*, 658 P.2d 1284, 1286 (Wyo. 1983). We need not opine on the matter, however, because we conclude that the disposition here is not "doubtful."

[5] It is not clear whether Mr. Mellon raises this contention in response to the district court's brief discussion of the distinct element of intent or whether he means to suggest that a demonstration of fraudulent intent can substitute for or obviate an antecedent failure to establish that the subject matter is one of fact rather than opinion. He does not cite any authority for the latter point here. In any event, the evidence is not sufficient to create a triable issue, as explained above.

artifacts were discovered during the 2012 expedition. We agree with the district court that these efforts are entirely consistent with defendants' stated opinion that the footage lent important support to—but did not confirm—their theory of where the plane might be found. *See id.* at 1281 n.3. The attribution of fraudulent intent on the basis of such facially innocent actions is the sort of "speculation, conjecture, or surmise" that cannot forestall summary judgment. *Cardoso*, 490 F.3d at 1197 (internal quotation marks omitted); *see, e.g.*, *Kincheloe v. Milatzo*, 678 P.2d 855, 862 (Wyo. 1984) (noting "fraud cannot be imputed from facts that are as consistent with an honest intention"). Similarly, Mr. Mellon cites defendants' prompt examination of the new evidence from the 2012 expedition, and resultant public announcement of the discovery of a debris field, as suggesting a fraudulent motive in connection with defendants' slower processing and more tentative treatment of the results from the 2010 expedition. Again, the difference in response after the two expeditions is fully consistent with an innocent reaction to the obvious difference in circumstances and does not create a triable issue of fraud.

    Mr. Mellon has not demonstrated any error in the district court's ruling on summary judgment. The district court's judgment is, accordingly, affirmed.

                                              Entered for the Court

                                              Bobby R. Baldock
                                              Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker                                                            Chris Wolpert
Clerk of Court                    May 27, 2015                          Chief Deputy Clerk

Mr. Jeffery J. Oven
P.O. Box 2529
Billings, MT 59103-2529

Mr. Timothy M. Stubson
Crowley Fleck
152 North Durbin Street, Suite 220
Casper, WY 82601

**RE:**     **14-8062, Mellon v. The International Group, et al**
            District docket: 1:13-CV-00118-SWS

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 12 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: William J. Carter
John A. Masterson
Alaina M. Stedillie

EAS/ad